In re Grayling TAYLOR, Debtor.

JAMES B. NUTTER AND COMPANY, Plaintiff,

v.

Grayling TAYLOR, and Rita Rhodes, Trustee, Defendants.

Bankruptcy No. 81–02950–W–13.
Adv. No. 81–1978–W–13.

United States Bankruptcy Court,
W. D. Missouri, W. D.

June 18, 1982.

Maureen Scully, Kansas City, Mo., for debtor.

Alan E. South, Kansas City, Mo., for plaintiff.

Rita Rhodes, Kansas City, Mo., trustee.

## ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this Chapter 13 case, debtor schedules an obligation to James B. Nutter and Company on a real estate loan. He proposes to pay the regular payments outside the plan and to pay the arrearages inside the plan. In November of 1981, Nutter filed a complaint to lift the stay, alleging that it foreclosed prior to the filing of the bankruptcy and was entitled to proceed to take possession of the property. Debtor answered by general denial. Evidence was heard and the matter taken under advisement.

The evidence shows that Nutter and Company held a deed of trust on property owned by the debtor. Payments were in default. On September 17, 1981, a foreclosure was held. Nutter and Company bought in and received a trustee's deed. On September 23, 1981, debtor filed his Chapter 13 case, claiming the real estate as an asset of the estate and proposing to pay the arrearages as a priority.

There is little question but that the rights of the parties are determined by Missouri law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Tower Grove Bank & Trust Company v. Weinstein*, 119 F.2d 120 (8th Cir. 1941). Plaintiff argues, as a matter of Missouri law, that debtor had no interest in the real estate when he filed his Chapter 13 case because the foreclosure cuts off the rights of the owner. Section 443.290 R.S.Mo.1969; *Plum v. Studebaker Brothers Manufacturing Company*, 89 Mo. 162, 1 S.W. 217 (1886).

It is clear, however, that the mortgagor has an equity of redemption that he might exercise. Section 443.410 R.S.Mo.1969. While not following precisely the statutory pattern, debtor did announce, in the filing of his plan that he intended to cure the default. The time for redemption had not yet expired.

Section 541 of the Code, Title 11, U.S.C., provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The legislative history notes that the scope of the statute is broad and includes causes of action. House Report No. 95–595, 95th Congress 1st Sess., U.S. Code Cong. & Admin.News 1978, p. 5787 reprinted in 2 App. Collier on Bankruptcy 367 (15th Ed.). The right to redeem is a cause of action.

The "statutory right of redemption created under state law generally passes into the estate of the debtor if the period of redemption has not expired at the time the petition is filed." *Bank of Commonwealth v. Bevan*, 13 B.R. 989 (Bkrtcy.E.D.Mich.1981); *In re Johnson*, 8 B.R. 369 (Bkrtcy.Minn.1980). See also 4 Collier on Bankruptcy ¶ 541.07[3] (15th Ed.). Under Missouri law, the redemption period is one year.

Section 1322(b)(5) of the Code authorizes "the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last pay-

ment is due after the date or which the final payment under the plan is due." Debtor's plan here proposes just such an arrangement.

 The Missouri redemption statute requires notice within 10 days preceding sale or at sale of the intent to redeem and redemption by payment in full within one year of foreclosure. There is no evidence of notice and the plan does not propose full payment after one year. The notice period does not appear to be critical. In any case, the Court holds that the filing of the Chapter 13 plan within a few days of the foreclosure is sufficient notice of debtor's intention to retain the property.

On the other hand, Missouri courts have held that the failure to pay within one year is fatal to an attempt to redeem. *Euclid Terrace Corporation v. Golterman Enterprises, Inc.*, 327 S.W.2d 542 (Mo.App. 1959). After the filing of the case, however, Bankruptcy Court has exclusive jurisdiction over debtor's property. Section 1471(e), Title 28, U.S.C. The Bankruptcy Code, once determined to be applicable, as here, establishes its own redemption design in lieu of state law. 5 Collier on Bankruptcy ¶ 1322.01[3][E]; *In re Chicago Rapid Transit Company*, 129 F.2d 1 (7th Cir. 1942); *Beneficial Corporation v. Barker*, 445 F.Supp. 101 (D.C.W.D.Mo.1977).

Allowing the debtor to cure a default and retain his residence is a fundamental facet of the policy of "fresh start" embodied in the Bankruptcy Code. House Report No. 95–595, 95th Congress 1st Sess. (1977) at 117–118, 125, 366–367, reprinted in 2 App. Collier on Bankruptcy 117–118, 125, 366–367 (15th Ed.). See also *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). *In re Rubin*, 12 B.R. 436 (Bkrtcy.S.D.N.Y.1981); *In re Stewart*, 14 B.R. 959 (Bkrtcy.N.D.Ohio 1981). The property is of modest value and the monthly payments of $150.00 are reasonable. Replacement housing would not be less expensive.

There is no problem here of a bona fide purchaser for the mortgage holder bought in at the sale. In such a situation, Missouri courts have recognized that a court of equity might fashion a remedy in redemption, outside the statutory design. *Fitzpatrick v. Federer*, 315 S.W.2d 826 (Mo.1958).

The Court finds that the right to redeem under Missouri law has not expired and holds that such a right is property of the estate. The debtor has proposed a plan to cure the default and make current payments. The plan has been confirmed. The complaint to lift the stay is denied.