**In re Mary Ann CHAMBERS, Debtor.**

**Bankruptcy No. 83–00003–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 24, 1983.

688

Robert L. Roth, Miami, Fla., trustee.

Isadore Solkoff, Carol City, Fla., for debtor.

William F. Stone, Miami, Fla., for Mortgage Associates.

Barbara Phillips, Miami, Fla., Pro Bono counsel for debtor.

## MEMORANDUM DECISION AND ORDER CONFIRMING CHAPTER 13 PLAN

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on before the Court on February 11, 1983, for hearing on the confirmation of the Debtor's Chapter 13 Plan.

The original Chapter 13 Petition was filed by the Debtor on January 3, 1983, at 11:22 A.M.

The timing of the filing of the Debtor's Chapter 13 Petition is relevant, as a public foreclosure auction of the Debtor's home had been held earlier that same day at 11:00 A.M.

The only creditors in this case are the secured mortgagee, MORTGAGE ASSOCIATES, INC., and the law office of WEINER, SHAPIRO AND ROSE, who represented the mortgagee in the State Court foreclosure proceedings, and claim an attorney's fee of $500.00 for their services.

The Debtor's Plan proposes to cure all mortgage arrearages, costs, expenses, interest and attorney's fees which total $6,426.16. The cure is to take place over a period of one year, while the debtor remains current on all mortgage payments as they come due.

This Plan is opposed by the mortgagee, who has argued that a cure and reinstatement of the mortgage is not permitted once a judicial sale has taken place prior to the filing of a Chapter 13; or, alternatively, that if a cure is permitted under Chapter 13, the cure must be for the entire balance of the accelerated mortgage, in this instance, $34,464.48.

The Court has considered the legal arguments of Counsel for the secured creditor and the Court appointed Pro Bono Counsel for the Debtor.

The issue to be determined by the Court is whether, a Debtor can cure arrearages on a mortgage after a Final Decree of Foreclosure and Sale has been entered and executed.

■ The Court finds that the Debtor may utilize the provisions of Chapter 13 to cure and reinstate the original mortgage, so long as the Debtor's right of redemption under State law has not expired.

Before considering the applicability of mortgage reinstatement under Chapter 13 of the Bankruptcy Code, one must first examine Florida law to determine what rights exist in favor of a mortgagor after foreclosure and public sale of the property.

Generally, the mortgagor's so-called "equity of redemption" is the right of satisfying and removing the lien on mortgaged property. The right of the mortgagor to redeem is regarded as an incident to every mortgage. 22 Fla.Jur.2d "Mortgages," Section 108.

While Florida Statutes do not specify the exact number of days within which a mortgagor may exercise the right of redemption, Florida Statute 45.031, "Judicial Sales Procedure," provides, "In cases when a person has an equity of redemption, the Court shall not specify a time for the redemption, but the person may redeem the property at any time before sale." F.S.A. Section 45.031(1).

In construing when a mortgagor may exercise the statutory right of redemption, the Supreme Court of Florida has held that the right of redemption from foreclosure judgment continues *after* the date of public sale up to the date when ownership of the property is transferred. *Allstate Mortgage Corporation of Florida v. Strasser*, 286 So.2d 201 (Fla., 1973).

The Florida Supreme Court, in construing the meaning of the word "sale" contained within Florida Statute 45.031, has stated ". . . we hereby find that the Legislature intended to adopt the recognized meaning of the word 'sale' and that the sale did not *take place until ownership of the property was transferred.* Said transfer takes place according to Statute 45.031(3) Fla.Stat., ten days after the day of sale, upon no objections being filed thereto and issuance of a certificate of title." (Id. at 203) (Emphasis added).

Florida Statute 702.02(3), "Foreclosure Procedure," provides that, after a final decree of foreclosure and public sale, the Clerk of the State Court shall promptly file a certificate of sale. Objections to the sale must be filed within ten days after the filing of the certificate of sale. If no objections are filed, the Clerk is directed by the Statute to file a certificate of title, whereafter, "Upon the filing of the certificate of title, the sale shall stand confirmed as certified by the clerk and title to the mortgaged property shall pass fully and completely to the purchaser named in such certificate, without the necessity of any further proceedings or instruments." F.S.A. Section 702.02(3).

■ Therefore, Florida law provides for the divestment of title from a mortgagor to a purchaser at public sale *only* after there has been proper transfer of title to the purchaser. 22 Fla.Jur.2d "Mortgages," Section 365.

■ Consequently, in the present case, the argument made by the mortgagee, that the Chapter 13 Debtor has no property rights to "resurrect" once a public auction has occurred, must fall, as there has been no divestment of title from the Debtor to the mortgagee as is required under Florida law.

■ The mortgagee's second objection to the Debtor's Plan is that, even if the Debtor has the right to redeem the mortgage, the redemption must be a lump-sum payment of the accelerated balance due under the mortgage.

Several Courts have grappled with the treatment of accelerated mortgages under Chapter 13 Bankruptcies. This issue has not been answered by the Eleventh Circuit Court of Appeal, whose decisions govern this Court; but the issue has been addressed by the Second Circuit Court of Appeal in the case of *In Re Taddeo,* 685 F.2d 24, 9 B.C.D. 556 (2nd Circuit, 1982).

The facts of the *Taddeo* case differ somewhat from the present case. In *Taddeo,* the mortgagee had accelerated the balance of the mortgage under State law, but had not obtained a final judgment of foreclosure and sale. The Second Circuit, in a well reasoned opinion, tracked the rights of a Chapter 13 debtor under Bankruptcy Code Section 1322(b).

The Court found that, "When Congress empowered Chapter 13 debtors to 'cure defaults,' we think Congress intended to allow mortgagors to 'de-accelerate' their mortgages and reinstate its original payment terms." (Id. at 26, 9 B.C.D. at 558).

The Second Circuit further found that, "... the power to 'cure any default' granted in Section 1322(b)(3) and (b)(5) is not limited by the ban against 'modifying' home mortgages in Section 1322(b)(2) because we do not read 'curing defaults' under (b)(3) or 'curing and maintaining payments' under (b)(5) to be *modifications* of claims." (Id. at 27, 9 B.C.D. at 559)

Finally and most importantly to the instant case, the Second Circuit has ruled, (mortgagee) "Di Pierro's argument reduces in the end to an assertion that because she can accelerate her mortgage under state law, the Taddeos can cure only as provided by state law. This interpretation of Section 1322(b) would leave the debtor with fewer rights under the new Bankruptcy Code than under the old Bankruptcy Act of 1898. Defaulting mortgagees would forfeit their right to cure even before the start of foreclosure proceedings, before they have hired lawyers and therefore before they knew anything about their rights under Chapter 13. Such a result would render the remedy in Section 1322(b) unavailable to all but a select number of debtors. *See In re Thompson,* 17 B.R. 748, 752–53 (Bkrtcy. W.D.Mich.1982). Such a result would be totally at odds with the 'overriding rehabilitative purposes of Chapter 13.' *In re Davis,* 15 B.R. 22, 24 (Bkrtcy.D.Kan.), *aff'd,* 16 B.R. 473 (D.C.Kan.1981)." (Id. at 29, 9 B.C.D. at 561).

Various Bankruptcy Court decisions have been reached permitting the reinstatement and cure of a mortgage, even after judicial

sale, upon the timely filing of a Chapter 13 Plan. See *In Re Grayling Taylor,* 21 B.R. 179, 9 B.C.D. 399, 399–400, (Bkrtcy.W.D. Mo., 1982); *In Re Gary Thompson,* 17 B.R. 748, 751 (Bkrtcy.W.D.Mich., 1982); *In Re Kokkinis,* 22 B.R. 353, 355 (Bkrtcy.N.D.Ill., 1982). This Court is in accord with the rationale of these cases.

The Court finds and does so rule that the language of Section 1322(b)(5) expressly provides for, "the curing of *any* default within a reasonable time and maintenance of payments while the case is pending on any *secured* or unsecured claim." (Emphasis added).

Until such time as Congress restricts or modifies Section 1322(b)(5), the plain and unambiguous language of the Statute must govern the rights of the parties herein.

Therefore, this Court finds and does so order that in all respects the Debtor's Chapter 13 Plan, filed on February 7, 1983, meets all the requirements under Bankruptcy Code Section 1325; accordingly, it is

ORDERED that the Chapter 13 Plan of MARY ANN CHAMBERS, Debtor, be and same is hereby confirmed.

DONE AND ORDERED in Miami, Florida, this 24 day of February, 1983.