D. Robert Schollars, Kansas City, Mo., for plaintiff.

Francis A. Sawyer, Kansas City, Mo., for defendant.

**In the Matter of Esther FOUNTAIN, Debtor.**

**The MORRIS PLAN COMPANY, Plaintiff,**

v.

**Esther FOUNTAIN, Defendant.**

**Bankruptcy No. 83–01611–W–13.**

**Adv. No. 83–0914–W–13.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Sept. 16, 1983.

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WITHIN 15 DAYS WHY MOTION FOR RECONSIDERATION OF FINAL JUDGMENT SHOULD NOT BE DENIED

DENNIS J. STEWART, Bankruptcy Judge.

The court formerly issued its final judgment on August 9, 1983, denying the plaintiff's complaint for relief from the automatic stay on condition that the debtor cure arrearages and maintain current payments to the extent that plaintiff is a secured creditor.[1] The plaintiff has timely moved for reconsideration of that judgment, contending that the bankruptcy court has no jurisdiction over the real property here in question because of a foreclosure sale at which plaintiff purchased the property

---

1. Initially, the court had granted the defendant a default judgment of dismissal for failure of the plaintiff timely to abide the pretrial orders of the court directing the submission of documents demonstrating the validity and perfection of its claimed security interest and the absence of any equity for the debtor in the property. On August 9, 1983, the court denied the plaintiff's motion to set aside the dismissal, noting that the documents which had since been produced tended to show an equity in the property for the defendant and that "where the debtor has an equity in the property or it is

necessary to his performance under the plan and where the creditor's security will not be impaired by a stay, the creditor may be stayed from foreclosing on appropriate conditions to cure defaults and maintain payments on his claim to the extent that it is secured." 15 Collier on Bankruptcy para. 13–401.01, pp. 13–401–4, 13–401–5 (1978). Accordingly, denial of the motion to set aside the dismissal was predicated on the debtor's "curing arrearages in accordance with the terms of a confirmed plan of arrangement."

some 20 days before the filing of the within chapter 13 proceeding.

The plaintiff relies upon an unpublished decision of our district court in *In re Grayling Taylor,* Civil Action No. 82–00559–CV–W–5 (W.D.Mo. Oct. 18, 1982), reversing a bankruptcy court decision reported at 21 B.R. 179 (Bkrtcy.W.D.Mo.1981). In that case, the bankruptcy court had held that, when the foreclosure sale had taken place on the same date and shortly prior to bankruptcy, the filing of the chapter 13 petition itself was a sufficient notice of redemption under the Missouri statutes so that the foreclosed property became a part of the chapter 13 estate.[2] On appeal, the district court reversed, stating pertinently as follows:

"Nutter contends that the Bankruptcy Court erred when it held that the Debtor retained an interest in a right of redemption at the time of the Debtor's filing of a petition for adjustment of debts under Chapter 13 of the Bankruptcy Code and that the interest passed into the Bankruptcy Estate. It is clear under the Code that 'all legal and equitable interests of the Debtor in property' at the time the petition is filed are property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Those legal and equitable interests are generally determined by reference to state law. *Butner v. United States,* 440 U.S. 48, 54 [99 S.Ct. 914, 917, 59 L.Ed.2d 136] (1979). *See also In re Paubner [Paukner],* 10 B.R. 29 (Bkr. [Bkrtcy.] Ohio 1981); *In re Parker GMC Truck Sales, Inc. v. United States,* [12 B.R. 667], 6 B.C.D. 899 ([Bkrtcy.] S.D.Ind.1980). The legislative history of Section 541 similarly indicates that Congress intended that the interests of the debtor be determined by state law. *See,* Sen.Rep. No. 95–989, 95th Cong., 2nd Sess. 82–3 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–8 (1977). Thus, this Court, as well as the Bankruptcy Court, must look to Missouri law in order to ascertain what legal or equitable interests Taylor owned at the time he filed his petition under Chapter 13.

"On September 17, 1981, the residence owned by Taylor was sold at a Trustee's sale and purchased by Nutter for $12,-539.90. Taylor had continuously defaulted on his payments beginning in April of 1981. Once a default has occurred and the Trustee's sale properly conducted, Missouri law provides that the Trustee's sale operates as a complete foreclosure. *Green [Greene] v. Spitzer,* [343 Mo. 751], 123 S.W.2d 56 [57], 60 (Mo.1983 [1938] ); *Plumb [Plum] v. Studebaker* [89 Mo. 162], 1 S.W. 217, 219 (Mo.1886). The foreclosure and the execution of the Trustee's deed in favor of Nutter divested the fee out of Taylor, the mortgagor. *See, Hill v. Ballard,* 178 S.W.2d [S.W.] 445, 446 (Mo.1915). The foreclosure passed title to Nutter on the date the deed of trust was executed. *See, S.S. Kresge Co. v. Shankmon [Shankman]* [240 Mo.App. 639], 212 S.W.2d 794, 801 (Mo.App.1948). The deed of trust was recorded by Nutter on September 17, 1981.

"Missouri statutory law provides for redemption from a deed of trust foreclosure within one year of the date of sale to the holder of the note if a three-step process is followed. *See,* Sections 443.-410, 443.420, and 443.430, RSMo 1978. The owner of the equity of redemption must initially give notice of his or her intent to redeem by serving a written notice on the person conducting the sale on the day of the sale or within ten days of the day of the sale. Section 443.410, RSMo (1978). The giving of the notice is critical and is a precondition to preservation of statutory redemption rights. Section 443.420 RSMo 1978. *See, Euclid Terrace Co. v. Golterman Enterprises, Inc.,* 327 S.W.2d 542, 545 (Mo.App.1959); *Daw-*

2. "The Missouri redemption statute requires notice within 10 days preceding sale or at sale of the intent to redeem and redemption by payment in full within one year of foreclosure. There is no evidence of notice and the plan does not propose full payment after one year.

The notice period does not appear to be critical. In any case, the Court holds that the filing of the Chapter 13 plan within a few days of the foreclosure is sufficient notice of the debtor's intention to retain the property." *In re Taylor,* 21 B.R. 179, 181 (Bkrtcy.W.D.Mo.1982).

*son v. Hetzler* [230 Mo.App. 737], 74 S.W.2d 488, 489 (Mo.App.1934). Taylor concedes that he took no steps to effectuate his statutory right of redemption in the property purchased by Nutter prior to his filing of a petition under Chapter 13. Since both parties agree that no legal or equitable interest in a statutory right of redemption was extant at the time the petition was filed, no such interest became property of the bankruptcy estate.

"The Bankruptcy Court, however, ignored both the evidence and the rigorous nature of the Missouri foreclosure procedure. It flippantly ruled that '[T]he notice period does not appear to be critical. In any case, the Court holds that the filing of the Chapter 13 plan within a few days of the foreclosure is sufficient notice of Debtor's intention to retain the property.' The Bankruptcy Court cited no authority in support of its ruling. Additionally, the Bankruptcy Court had no evidence before it which could lead it to conclude that the Debtor meant anything by the filing of the Chapter 13 plan other than that he wanted an adjustment of his debts. The Bankruptcy Court not only ignored a great body of Missouri common and statutory law in reaching its decision, but also based its novel holding on pure speculation. Clearly, the Bankruptcy Court abused its authority in deeming the filing of a Chapter 13 plan as notice sufficient to override the elaborate notice requirements present in the Missouri statutory redemption provisions.

"The Bankruptcy Court additionally bolstered its holding on the theory that even if a statutory right of redemption had been forfeited by the Debtor, the Debtor retained an equitable right of redemption which is distinct from the statutory right. The Bankruptcy Court, however, ignored the limited circumstances in which the equitable right can be asserted. The equitable right of redemption is only available where some irregularity has occurred in the sale of the property being foreclosed. *Fitzpatrick v. Federer,* 315 S.W.2d 826 (Mo.1958) (conspiracy to chill bidding at sale); *Kennon v. Camp,* 353 S.W.2d 693, 695 (Mo.1962). Though Taylor conceded that no irregularity occurred, the Bankruptcy Court, nonetheless, reached out to apply an equitable doctrine which was clearly inapplicable. The Bankruptcy Court again overstepped its authority."

In that action, however, the question of whether the prebankruptcy foreclosure constituted an avoidable preference under § 547 of the Bankruptcy Code was raised neither by the parties nor by the facts.[3] In the action at bar, however, the defendant raises the issue explicitly in her answer to the complaint.[4] Further, the facts imbedded in the documents submitted by the court demonstrate the existence, at the time of foreclosure, of an equity in the property which was the subject of the foreclosure.[5] Under such circumstances, the governing authority under the current Bankruptcy Code holds that the foreclosure

**3.** The facts set out in the reported decisions in the *Taylor* case most crucially do not demonstrate the existence of any equity in the foreclosed property for the debtor. But in this case, the papers submitted by the plaintiff tend to demonstrate the existence of such an equity. See note 5, *infra.*

**4.** Although somewhat inaccurately, the preference issue is raised in paragraph 4 of the defendant's answer to the complaint, in which the defendant "prays that the Court under the authority of the law take charge of all property of the bankrupt held by the bankrupt, such as within four (4) months of filing for bankruptcy, for the benefit of all creditors."

**5.** A "residential appraisal report" submitted by the plaintiff indicates that the value of the subject property, at the time of the foreclosure, was $37,500.00. According to a foreclosure report issued by the McDaniel Title Company as of June 1, 1982, the property was subject to a deed of trust held by Carl I. Brown and Company given to secure the payment of a promissory note for the sum of $26,500.00, as well as the deed of trust of the plaintiff on which there was a current balance of $7,283.41 at the time of foreclosure. According to the trustee's deed issued by the trustee named by the deed of trust, the plaintiff purchased the property at the foreclosure sale for the sum of $6,000.00.

can be set aside as a preference.[6] The files and records within, when combined with the presumption of insolvency contained in § 547(f) of the Bankruptcy Code, purport to show that all the elements of a preference exist in this case.

Further, as a separate and independent basis for denying reconsideration when the plaintiff mortgagee was the purchasee at the foreclosure sale; when this sale was shortly followed by the institution of bankruptcy; the bankruptcy or chapter 13 estate was thereby deprived of the debtor's equity interest; and the chapter 13 plan must propose to grant the creditor the full value of the property it would appear that the facts and circumstances warrant the setting aside of the foreclosure sale for irregularity or other equitable reasons within the meaning of the state court decisions.[7] Although the inadequacy of consideration alone, under those decisions, cannot constitute a basis for setting aside the foreclosure sale,[8] in combination with the other circumstances detailed above, there is sufficient irregularity or equitable circumstance to set the foreclosure sale aside.[9]

Finally, when, under both or either of these theories, at least a portion of the value transferred should be brought into the chapter 13 estate; when the property is the debtor's house and cannot be equitably divided and is, moreover, necessary to her performance under the chapter 13 plan; and when the creditor's interest in the property can be adequately protected under the terms of the chapter 13 plan, it is consistent with the recent decision of the United States Supreme Court in *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), that the entire property should be brought into the

---

**6.** "Under the Bankruptcy Act, a decree by a state court foreclosing a mortgage and adjudicating that the debtor corporation had no interest in the mortgaged property was held binding on the trustee in bankruptcy so as to defeat a suit by the trustee to set aside the mortgage and the foreclosure as a voidable preference. The foreclosure suit was commenced prior to the filing of the petition in bankruptcy but judgment was rendered and the sale confirmed thereafter without intervention by the trustee. *Clark v. Mutual Lumber Co.,* 206 F.2d 643 (5th Cir.1953). *The result would be to the contrary under the Code where the enforcement of a lien by sale prior to the petition does not prevent the trustee from avoiding the transfer of the lien as preferential.*" 4 Collier on Bankruptcy para. 547.14, p. 547–49, n. 7 (1983). If a security interest "allows the secured party to take judgment in a foreclosure action for an amount in excess of the principal amount of the mortgage, plus interest and costs, the excess amount recovered by the judgment will result in a preference." *Id.,* para 547.12, p. 547–43. The facts of this case appear to show that the foreclosure sale allowed the plaintiff to obtain a considerable equity which otherwise have existed for the debtor. See note 5, *supra.* And they further show that this was in excess of the value of the property equal to the outstanding indebtedness to plaintiff.

**7.** When the debtor is entitled to bring an action in equity to set aside the foreclosure sale, the 10-day notice requirement of section 443.410 RSMo does not apply. "It is argued by learned counsel for appellant that plaintiffs were not entitled to redeem except under statutes providing for redemption from mortgage and deeds of trust sales ..., and that they did not comply with the mandate of those statutes. This argument inadvertently travels on a misapprehension. Those statutes provide for redemption as of course. They are not intended to apply to equity cases to set aside trustees' sales and the deeds following as inoperative to pass title because of irregularities, and where redemption is the mere price put upon the decree in order to do equity. It is doubtful whether under our Constitution the jurisdiction of courts of equity as handed down by the fathers and as existing at the time the Constitution was made can be whittled away, in fractions at a time, by legislative enactment. But assuming, arguendo, it may be done, then, at the very least, to oust the jurisdiction of courts of equity in cases of equitable cognizance, the legislation claimed to have that effect must get at its result by express enactment or by inexorable implication." *Arnett v. Williams,* 226 Mo. 109, 125 S.W. 1154, 1155, 1157 (1910).

**8.** "(M)ere inadequacy of price alone is not sufficient to invalidate a sale of land under a deed of trust ... as with the trustee's owning the debt and becoming the purchaser there must be present other invalidating factors." *Jackson v. Klein,* 320 S.W.2d 553, 559 (Mo.1959).

**9.** "While mere inadequacy of price may be insufficient to set aside a sale or redeem, *additional circumstances coupled with inadequacy may well be sufficient to set aside the sale.*" *Blades v. Ossenfort,* 481 S.W.2d 531, 536 (Mo. App.1972) (Emphasis added.)

estate. "When property seized prior to the filing of a petition is drawn into the ... reorganization estate, the (creditor's) lien is not dissolved; nor is its status as a secured creditor destroyed. (It) remains entitled to adequate protection for its interests, to other rights enjoyed by secured creditors, and to the specific privileges accorded (such creditors). Section 542(a) simply requires (it) to seek protection of its interest according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *Id.* 103 S.Ct. at 2317.

For the foregoing reasons, it is therefore

ORDERED that the plaintiff show cause in writing within 15 days of the date of entry of this order why its motion for reconsideration should not be denied.