In re Angelo P. **CRETELLA**, Debtor.

**Bankruptcy No. 184–41198–21.**

United States Bankruptcy Court,
E.D. New York.

Aug. 31, 1984.

John M. Murray, New York City, for debtor.

Andrew E. Ullmann, Northport, N.Y., for Anchor Savings Bank, FSB.

Richard J. Sgarlato, pro se.

Bernadette Panzella, Staten Island, N.Y., Foreclosure Referee.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Bankruptcy Judge.

This Court has for determination in the Chapter 13 proceedings commenced by the above-named debtor, the issue as to whether the debtor has an interest in certain real property owned jointly by him and his wife, who is not a debtor in these proceedings, and which property was sold at a foreclosure sale prior to the filing of the petition in bankruptcy. It is the debtor's contention that inasmuch as the deed arising out of the foreclosure sale was not delivered until after the filing of the petition in bankruptcy, the debtor's interest in the property continued at the time his petition in bankruptcy was filed and thus constitutes a property interest thereby enabling him to effectuate a plan in accordance with the provisions of Chapter 13. On the other hand, the purchaser of the property foreclosed claims that the sale to him conducted at a judicial sale in accordance with foreclosure proceedings instituted by the mortgagee, extinguished any right that the debtor may have had in the property. The purchaser further urges this Court to recognize his ownership to the extent that this Court do not exercise any jurisdiction over his efforts to oust the debtor, nor to interfere with his right to payments from the debtor for use and occupation of the premises as fixed by an order of the state court in the mortgage foreclosure proceedings subsequent to the filing of the petition.

■ In view of the fact that the fundamental issue presented to this Court for determination is concerned with property rights asserted by the debtor, which he claims to be property of the estate, this Court holds that it has the power to entertain the issue as a matter within the province of this Court's jurisdiction, notwithstanding the fact that the rights of the parties in and to the property is a matter of State law. In support of the foregoing holding, this Court relies upon the power granted it in accordance with the provisions of the Emergency Rules adopted December 25, 1982, and which until the new Bankruptcy Amendments of 1984 become effective in October of 1984, constitute the procedural pattern to be followed in this case. The Court, therefore, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On July 25, 1984 the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, on which day the Order for Relief was entered and the proceedings were referred to the undersigned Bankruptcy Judge.

2. The schedules of assets of the debtor annexed to his petition for relief reflects that at the time of the filing of the petition, he and his wife were the owners as tenants by the entirety of a home located at 64 Hewitt Avenue, Staten Island, New York, having a value of $100,000 and subject to a first mortgage held by Anchor Savings Bank, FSB, upon which there was due $43,100, which amount was not disputed by the debtor.

3. On January 4, 1984 Anchor Savings Bank instituted an action to foreclose its mortgage in the Supreme Court of the State of New York, County of Richmond, wherein the debtor and his wife were named as the defendants, and at which time no payments had been made under the mortgage since June 1, 1983.

4. On March 14, 1984 Cretella Associates, Inc., a corporation whose principal officer and stockholder is the debtor, borrowed approximately $50,000 from Equities Capital Co., Inc. for use in purchasing the practice of an accounting firm, the debtor's occupation being that of an accounting and tax service, which loan was guaranteed by the debtor and his wife and secured by a second mortgage on their home, the subject property of this issue.

5. No part of said funds were applied toward the reduction of the arrearage on the mortgage.

6. The second mortgage held by Equities Capital Co., Inc. was extinguished by the foreclosure action insituted by Anchor Savings Bank.

7. On March 21, 1984 a Bernadette Panzella, Esq. was appointed Referee in said foreclosure action.

8. On May 8, 1984 a judgment of foreclosure and sale was entered in the aforesaid state court action.

9. On June 28, 1984 a public sale of the premises was held, notice of said sale having been given to the debtor and his wife on June 14, 1984.

10. The foreclosure sale was conducted by the said Referee, Bernadette Panzella, who announced the terms of sale prior to its commencement, and which terms of sale were made known to all bidders, and which provided, among other things, that 10% of the purchase money of the premises would be required to be paid in cash or certified check to the Referee at the time and place of sale, with further provision that the balance thereof be paid at a closing to be held at the office of the attorney for the plaintiff, Anchor Savings Bank, on July 31, 1984.

11. At said sale, the first bidder was Anchor Savings Bank, which bid in the amount of the balance due it under its mortgage of approximately $43,000.

12. A bid of $100,000 was thereafter made by the debtor, Angelo P. Cretella, but because of his inability to provide the 10% deposit as required by the terms of sale, the Referee refused to accept his bid.

13. Subsequent bids were made by other prospective purchasers and the highest bid having been made by Richard J. Sgarlato in the sum of $71,000, there being no other or better offers, the Referee accepted his bid upon payment to him of the sum of 10% as a deposit in accordance with the aforesaid terms of sale.

14. On July 25, 1984, almost a month subsequent to the aforesaid foreclosure sale, the debtor filed his petition for relief under Chapter 13.

15. On July 27, 1984 the Referee in the foreclosure action issued a deed conveying the premises to the said Richard J. Sgarlato upon payment by him of the balance of the offer.

16. The closing which had originally been set down for July 31, 1984, had been advanced to July 27, 1984 at the request and for the convenience of the parties, that is the purchaser, the Referee and the mortgagee.

17. No payments were made or tendered by the debtor on account of the arrearages in the mortgage after the commencement of the foreclosure action.

18. On August 3, 1984 Richard J. Sgarlato was served with a notice of the commencement of the bankruptcy proceedings.

19. On August 6, 1984 the debtor recorded a copy of the voluntary petition for relief under Chapter 13, in the office of the County Clerk of Richmond County.

20. On August 9, 1984 Richard J. Sgarlato obtained an order to show cause from one of the judges sitting in the Supreme Court of the State of New York, Richmond County, wherein the foreclosure proceedings had been instituted, wherein he sought an order directing the Sheriff of that County to evict the debtor.

21. On August 10, 1984 a copy of the aforesaid order to show cause was served upon the debtor.

22. On August 13, 1984 an order was entered in the aforesaid state court action, there being no opposition to the same, directing the Sheriff to evict the debtor from his home.

23. In the application for the eviction, no mention was made of the commencement of the bankruptcy proceedings, nor was the debtor's counsel served with a copy of the order to show cause and the application upon which it was granted.

24. The order of the state court dated August 13, 1984 further provided that the Referee in the foreclosure proceedings, Bernadette Panzella, pay $3,000 to Richard J. Sgarlato forthwith upon the entry of said order, as and for rent, expenses, Sheriff's fees and moving expenses, and further directed said Referee to pay $2,000 to said Richard J. Sgarlato to be held in escrow until the debtor and his wife vacated the aforesaid premises, with final provision that out of said funds held in escrow, the

cost of repair for any and all vandalism may be deducted and the balance returned to the said Referee.

25. On August 14, 1984 counsel for the debtor learned from the Sheriff that an eviction warrant had been served on the debtor requiring him and his family to physically be moved from the premises within 72 hours.

26. On August 15, 1984 the debtor, through his counsel, submitted to this Court for its consideration, an application and order to show cause returnable August 24, 1984, for an order enjoining and restraining Anchor Savings Bank, Referee Bernadette Panzella and Richard J. Sgarlato from taking any action against the debtor and for an order that a contempt citation be made and entered against them for action taken by them in violation of the automatic stay under Section 362 of the Bankruptcy Code. Upon the agreement of the parties, the motion was heard before this Court on August 17, 1984.

## ISSUES

1. Did the debtor have any interest in the property as of the date of the filing of his petition for relief under Chapter 13 so as to constitute property of his estate?

2. Does the automatic stay provisions of Section 362 preclude Richard J. Sgarlato as purchaser, Anchor Savings Bank as mortgagee and Bernadette Panzella as foreclosure Referee from enforcing their rights arising out of the foreclosure sale of the property?

3. Does this Court have the jurisdiction to examine into the validity of the judgment of foreclosure and sale?

4. Are the mortgagee, Referee and purchaser subject to contempt for having proceeded under the foreclosure sale after the filing of the petition in bankruptcy?

## CONCLUSIONS OF LAW

1. The debtor had no interest in the property as of the date of the filing of his petition and thus, it is not to be deemed property of his estate.

2. There was no automatic stay under the provisions of Section 362 in effect to preclude the purchaser, mortgagee and Referee from enforcing their rights and performing their duties arising out of the foreclosure sale of the property.

3. This Court does not have the jurisdiction nor power to examine into the validity of the judgment of foreclosure and sale under the facts as set forth in the above findings.

4. The mortgagee, Referee and purchaser are not subject to contempt for having proceeded to effectuate the delivery of the Referee's deed to the purchaser, nor the purchaser for having proceeded to enforce his rights under the deed.

## DISCUSSION

■ The debtor argues that although the petition in bankruptcy had been filed after the foreclosure sale, but before conveyance of the Referee's deed and confirmation of sale, the property rights of the respective parties must be determined by reference to New York law. This Court does not disagree. However, the debtor fails to take into account the interpretation of the New York law by Bankruptcy Courts which have held that under New York law, the purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property notwithstanding the fact that the actual deed was neither delivered nor offered to be delivered until after the petition had been filed. *In re Ghosh,* 38 B.R. 600 (Bkrtcy. E.D.N.Y. 1984); *In re Smith,* 7 B.R. 106 (Bkrtcy. W.D.N.Y. 1980); and *In re Butchman,* 4 B.R. 379 (Bkrtcy. S.D.N.Y. 1980).

Absent an interest in the property, it cannot be regarded as property of his estate within the meaning of 11 U.S.C. § 541.[1]

Since the debtor has no interest in the property, he lacks the power to de-accelerate or reinstate the mortgage and cure any defaults, a right available to debtors in

1. Section 541 states in relevant part that the

commencement under Title 11 of the United

Chapter 13 proceedings who retain an interest in real property as to which there has been a judgment of foreclosure. *In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *In re Acevedo*, 26 B.R. 994 (E.D.N.Y.1982).

The holdings in *Ghosh, Smith* and *Butchman*, represent an analysis of New York law which finds that a valid judgment of sale in a mortgage foreclosure action entitles the purchaser at the sale to receive a deed to the premises and that the mortgagor has no right to redeem the premises after the sale but before the purchaser has received a deed.

The debtor expressly questions the holdings in *Ghosh, Smith* and *Butchman* and relies on the case of *Nutt v. Cuming*, 155 N.Y. 309, 49 N.E. 880 (1898) in support of his view that the debtor retains an interest in the premises sufficient to permit a reinstatement of the mortgage. I disagree with the debtor's analysis.

*Nutt v. Cuming*, supra is the outstanding authority for the rule of law in New York that in an action to foreclose a mortgage, the interests of parties become barred and foreclosed, not upon the entry of the judgment, but upon the sale and conveyance of the land. The sole issue presented to that court was whether or not a judgment obtained aginst the mortgagor ceased to be a lien upon the mortgaged premises at the expiration of ten years from the date of its perfection where the foreclosure sale actually took place beyond the ten years. The court held that the foreclosure sale must take place within ten years in order to preserve the lien of the judgment creditor. The court did not hold as the debtor contends, that the mortgagor's interest in the property continued after the sale. The decision was concerned solely with the rights of parties other than the mortgagor.

This Court's attention has been called to an excerpt from *Nutt v. Cuming* at page 313 wherein the court stated as follows: "Until the foreclosure sale, the mortgagee or the owner of the equity of redemp-

tion may redeem, and persons having judgment liens thereon may sell upon execution, notwithstanding the judgment, but, as soon as the sale is *made, confirmed, and conveyance delivered,* that provision of the judgment becomes operative and of full force, and the parties of the action are forever thereafter barred and foreclosed of all their right, title, interest and equity of redemption (Emphasis supplied). 155 N.Y. at 313 [49 N.E. 880]."

However, an excerpt taken from the same opinion in the same paragraph preceding the foregoing portion states as follows:
"The provision barring others of their interest in, or of their rights of equity of redemption in the mortgaged premises, of necessity relates to *the final concluding act, that of the sale of the premises.*" (Emphasis added)

This Court is of the opinion that *Nutt v. Cuming* thus supports the foregoing authorities that a foreclosure sale effects a consummated sale without the requirement that the sale be confirmed by the court insofar as cuts off the mortgagor's right of redemption.

■ The debtor further argues that the real property law of the State of New York as contained in RPAPL, Section 1355 (1) reflects the view that the legislature of the State of New York intended that a foreclosure sale is not deemed to be final until confirmed. This Court does not agree with that conclusion. A study and analysis of Section 1355 indicates that within 30 days after completing the sale and executing the conveyance to the purchaser, the officer making the sale shall file with the clerk his report of the disposition of the proceeds of sale (Sub-section 1 of Section 1355). Said Section 1355 further provides that a motion to confirm such report of sale shall not be made within three months after the filing of the report and shall not in any event be made later than four months of such report, except that if there be no surplus

States Code creates an estate that consists of all the debtor's legal and equitable interest in prop-

erty as of the commencement of the case.

monies arising from the sale of the mortgaged premises under such judgment, an application for confirmation of the report of sale may be made at any time after the report shall have been filed eight days (Sub-section 2 of Section 1355).

This Court has analyzed the cases which deal with the intent and purpose of Section 1355 and concludes that it represents the procedural methods to be pursued by parties who may have an interest in the surplus money proceedings arising out of the foreclosure. It is not intended to provide the mortgagor with any rights of redemption nor to affect the termination of its interest in the property after the foreclosure sale has been conducted.

■ It is thus abundantly clear that the mortgagor has no legal or equitable interest in real property after a foreclosure sale, even if the formal transfer of the title has not taken place, unless of course he has the right to redeem. In New York the law is abundantly clear that the owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure. *In re Belsid Holding Corp. v. Dahm,* 12 A.D.2d 499, 207 N.Y.S.2d 91 (1960). As a matter of fact, *Belsid* cites *Nutt v. Cuming, supra* as its authority, contrary to the debtor's contention.

The fact that bankruptcy courts in other jurisdictions have recognized the right of a debtor to reinstate a mortgage after a sale, but prior to the passing of a deed, is not relevant to this proceeding inasmuch as those states where such decisions have been rendered provide for redemption statutes, whereas New York does not. *In re Ivory,* 32 B.R. 788 (Bkrtcy.D.Or.1983); *In re Chambers,* 27 B.R. 687 (Bkrtcy.S.D.Fla. 1983); *In re Kokkinis,* 22 B.R. 353 (Bkrtcy. N.D.Ill.1982); *In re Taylor,* 21 B.R. 179 (Bkrtcy.W.D.Mo.1982); *In re Gooden,* 21 B.R. 456 (Bkrtcy.N.D.Ga.1982); *In re Thompson,* 17 B.R. 748 (Bkrtcy.W.D.Mich. 1982).

Whatever rights a mortgagor had to redeem after a foreclosure sale was abolished in New York in 1838 when the Mortgage Redemption Act which provided that a mortgagor had the right to redeem from a mortgage foreclosure sale for a period of one year, was repealed. *In re North River Ins. Co. v. Snediken [Snediker]* 10 How.Pr. 310.

■ Absent any interest in the property in favor of the debtor, he has no right to reinstate the mortgage under a Chapter 13 proceeding since the property is not deemed to be property of his estate as defined by Section 541 of the Code. *See,* Note 1. For the same reason, the automatic stay under Section 362 does not apply to the purchaser, the mortgagee or the Referee in the foreclosure proceedings in view of the fact that at the time of the commencement of these bankruptcy proceedings, the debtor had no interest in the property. By the same token, neither of the parties can be found guilty of contempt in ignoring the stay provisions of Section 362 inasmuch as the actions taken by them were a direct result of proceedings commenced after the debtor lost any rights in the property, notwithstanding the fact that they may have occurred after the petition in bankruptcy was filed. This Court knows of no authority which would entitle it to interfere with the ownership of the property acquired by the purchaser in a foreclosure action which was not set aside by the debtor and which is *res judicata* as to the rights of the parties. *In re Farrell,* 27 B.R. 241 (Bkrtcy.E.D.N.Y.1982).

It is abundantly clear that the debtor did not move timely to prevent the foreclosure sale, by filing his petition in bankruptcy after it had been conducted.

Countless debtors who seek the benefit of Chapter 13 proceedings in order to save their homes have been fortunate in accomplishing that end as long as the petition in bankruptcy has been filed prior to the foreclosure sale. The same situation prevails among debtors who seek the sanctuary of the bankruptcy court in filing Chapter 13 petitions to prevent their being dispossessed from their homes where they have defaulted in the terms of their leases. Once the lease has been terminated they have no standing to seek the protection of the bankruptcy court because there is noth-

ing to which the automatic stay provisions of Section 362 may apply. *In re Darwin*, 22 B.R. 259 (Bkrtcy.E.D.N.Y.1982).

Although this Court is most sympathetic to the debtor's plight in losing his home which houses his family, it must be borne in mind that it is necessary to weigh the equitable rights of all parties concerned in passing judgment. A judgment of foreclosure and sale was entered after the debtor had had full opportunity to contest the judgment which he seeks to have this Court undertake to do. It is interesting to note that after the foreclosure action had been commenced, the debtor caused a corporation controlled by him to borrow approximately $50,000 in March of 1984, no part of which had been used to cure any of the arrears which had commenced as far back as June of 1983.

In light of all of the facts and circumstances of of the instant case, the motion of the debtor is denied in its entirety.

The within decision shall constitute the Order of this Court.