**Cheryl Joanne Dunlap BUCKNER, Appellant,**

v.

**COLONIAL HOUSE APARTMENTS, Appellee.**

No. 85–2816 H.

Bankruptcy No. 85–22364.

United States District Court, W.D. Tennessee, W.D.

June 5, 1986.

Irving S. Zeitlin, Memphis, Tenn., for appellant.

David A. Kirkscey, Memphis, Tenn., for appellee.

**ORDER VACATING THE BANKRUPTCY COURT'S ORDER AND REMANDING CASE FOR RECONSIDERATION**

HORTON, District Judge.

Appellant in this action, Cheryl Joanne Dunlap Buckner, appeals an order of the United States Bankruptcy Court for the Western District of Tennessee, granting partial relief from automatic stay. After careful review of the record the Court finds the ruling of the Bankruptcy Court should be vacated and the cause remanded to that Court for the purpose of allowing the appellant to cure the default in her

Chapter 13 plan and reaffirm her apartment lease.

*Background*

The Court finds from the record, that on May 23, 1985, the appellee was awarded judgment against the appellant for possession of property located at 4607 Airways Boulevard, Apartment # 5, Memphis, Tennessee. The judgment also awarded the sum of one thousand dollars ($1,000) as damages and costs to the appellee. The judgment was a forcible entry and detainer action brought under Docket No. 195062–F in the General Sessions Court of Shelby County, Tennessee. The judgment of that court became final on June 4, 1985. On June 4, 1985, the appellant filed a Chapter 13 wage earner plan in the Bankruptcy Court under docket number 85–22364. The plan provided for the appellant to make future rent payments outside of the plan, and pay the April and May 1985 arrearages under the provisions of the plan. Appellee objected to the plan on grounds that the Bankruptcy Court can not alter the final judgment of the Shelby County General Sessions Court when the bankruptcy plan was entered after the state court judgment.

*Conclusions of Law*

The Court initially notes both parties' reliance on the recent Sixth Circuit Court of Appeals decision in, *In re Glenn,* 760 F.2d 1428 (6th Cir.1985). In the *Glenn* case the Court of Appeals tracked similar situations involving final foreclosure sales of mortgaged property. The Court held the differing viewpoints were grouped in five main schools of thought:

(1) Courts that hold that a debtor may not cure a default once a mortgage debt has been accelerated: *In re Wilson,* 11 B.R. 986 (Bkrtcy.S.D.N.Y.1981); *Matter of LaPaglia,* 8 B.R. 937 (Bkrtcy.E.D.N.Y. 1981); *In re Allen,* 17 B.R. 119, 8 B.C.D. 945 (Bkrtcy.N.D.Ohio 1981).

(2) Courts that hold that a debtor may cure a default where the mortgage debt has been accelerated provided that no foreclosure judgment has been entered: *Percy Wilson Mortgage & Finance Corp. v. McCurdy,* 21 B.R. 535 (Bkrtcy. S.D.Ohio W.D.1982); *In re Maiorino,* 15 B.R. 254 (Bkrtcy.D.Conn.1981); *In re Pearson,* 10 B.R. 189 (Bkrtcy.E.D.N.Y. 1981).

(3) Courts [that] hold that a debtor may cure a default where a state court judgment of foreclosure has been entered provided that no sale has taken place: *In re Acevedo,* 26 B.R. 994 (D.E. D.N.Y.1982); *In re James,* 20 B.R. 145, 9 B.C.D. 208 (Bkrtcy.E.D.Mich.1982); *In re Brantley,* 6 B.R. 178 (Bkrtcy.N.D.Fla. 1980).

(4) Courts that place no express limitation on the debtor's right to cure a default after acceleration: *In re Taddeo,* 685 F.2d 24 (2nd Cir.1982); *In re Sapp,* 11 B.R. 188 (Bkrtcy.S.D.Ohio E.D.1981); *In re Davis,* 16 B.R. 473 (D.Kan.1981). Or after a judgment has been entered: *In re Young,* 22 B.R. 620 (Bkrtcy.N.D.Ill. E.D.1982); *In re Breuer,* 4 B.R. 499, 6 B.C.D. 136 (Bkrtcy.S.D.N.Y.1980).

(5) Courts that hold that a debtor may cure a default where a foreclosure sale has been held provided that the debtor's right of redemption under state law has not expired: *In re Johnson,* 29 B.R. 104 (Bkrtcy.S.D.Fla.1983); *In re Chambers,* 27 B.R. 687 (Bkrtcy.S.D.Fla.1983); *In re Taylor,* 21 B.R. 179 (Bkrtcy.W.D.Mo. 1982); *In re Thompson,* 17 B.R. 748 (Bkrtcy.W.D.Mich.1982).

760 F.2d at 1432.

The Sixth Circuit adopted the third school of thought in its ruling in *Glenn.* In *Glenn* the Court noted the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), and its applicability to cases of this nature. The legislative history of 11 U.S.C. § 362(a) states in pertinent part:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harass-

ment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drive him into bankruptcy. The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6296–97. It appears from the relevant case law that courts agree the time from which the propriety of the automatic stay is to be judged is the event of foreclosure. *Glenn,* 760 F.2d at 1435 (1985). *See also, In re Wallace,* 33 B.R. 29 (Bankr.W.D.Mich.1983). As noted earlier the dispute arises over which point in the foreclosure process, the Bankruptcy Court can impose the stay as provided by the statute.

Additionally the Court notes that there is no "foreclosure" in the current case, in as much as the dispute arises over leased property.

The current case is distinguishable from those fact situations in *Glenn* in that the property involved in the current case is leasehold property, rather than mortgaged property. The Court does not find anything in the appellate court's ruling in *Glenn* to indicate that court intended its ruling to include leasehold interests. The ruling in *Glenn* does not appear to have intended to give to leasehold interests the same dignity as that afforded to interests in mortgaged real property. Consequently, the Bankruptcy Court's reliance on *Glenn,* 760 F.2d 1428, does not appear to be warranted in that the interests involved are not substantially similar.

It is therefore ORDERED that the ruling of the Bankruptcy Court is vacated, and the case is remanded for reconsideration consistent with this order.