**In re Polly B. SMITH, Debtor.**

**Bankruptcy No. 94–41764–399.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 12, 1994.

Christi S. Fingal, St. Louis, MO, for debtor.

Vernon D. Singer, Clayton, MO, for Colonial.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

### MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

The issue before the court is whether real estate, which was foreclosed upon prior to filing and which a deed for the property was executed and delivered, but never recorded, is property of the Debtor's Chapter 13 estate.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(E), (G), and (K).

### STATEMENT OF FACTS

On March 30, 1994, just after 12:00 p.m., a foreclosure sale was conducted and the movant, Colonial Central Savings Bank, F.S.B. ("Bank"), was the high bidder on a parcel of real estate, ("Accomac Property"). A trustee's deed was executed in favor of the Bank, but this deed was not recorded. Less than two hours after the foreclosure sale, Polly B. Smith, ("Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The Debtor's bankruptcy petition and schedules, signed one day prior to foreclosure, list the Debtor as a one-half owner of the Accomac Property.

The Bank filed this present Motion seeking Relief from the Automatic Stay, or, in the

alternative, to Dismiss this Case so that the Bank can record its interest and obtain possession of the Accomac Property. At the hearing and in its brief, the Bank argued that the Debtor is incapable of filing a confirmable Chapter 13 Plan because it no longer had an interest in the Accomac Property. As such, relief from the stay should be granted for "cause" under § 362(d)(1), or, alternatively, this entire case should be dismissed.

## DISCUSSION

In order to succeed in its Motion, the Bank much show that the Debtor does not have an interest in the Accomac Property. Sections 541 and 1306 of the Bankruptcy Code define what constitutes property of a debtor's estate in a Chapter 13 bankruptcy. In this case § 541(a)(1) and § 541(a)(7) are relevant.

### I. § 541(a)(1)

Section 541(a)(1) reads:

The commencement of a case under this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

The legislative history of this section and case law in this circuit instruct bankruptcy courts to give § 541(a) a broad reading. "This court has recognized that 'the legislative history of this section clearly establishes that the bankruptcy estate be as all-encompassing as the language indicates.'" *Garner v. Strauss* (In re Garner), 952 F.2d 232 (8th Cir.1991) *citing other cases.*

In determining what legal interests the Debtor has in the Accomac Property, we must turn to state law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), *United States v. Landmark Park & Assoc.*, 795 F.2d 683 (8th Cir.1986). Missouri recognizes two rights of redemption which in some cases may be used to recover real property securing a debt that is in default. One ave-

nue of redemption is set forth in § 443.410 Mo.Ann.Stat. (Vernon 1986). This is inapplicable, however, as it requires some statutorily specified action on the part of the Debtor either at the sale or within 10 days prior to the date advertised for the sale and there is no evidence of any such action by the Debtor during this time period.

The other means of redemption under Missouri law is equitable redemption. This is available only if some irregularity exists as to the foreclosure sale. *Kennon v. Camp*, 353 S.W.2d 693, 695 (Mo.1962). Here, there was no evidence of any irregularities with respect to the foreclosure sale at the June 7, 1994, hearing on the Motion. Furthermore, the recital's in the trustee's deed evidence that all the requirements concerning the foreclosure sale were met.[1]

Another argument for finding that the Debtor has an interest in the property is that the Bank's interest in the property was not recorded at the time the Debtor filed her Chapter 13 petition. The mere fact that the deed is unrecorded in this case, however, does not give the Debtor any interest in the Accomac Property. Missouri has a specific statutory provision which sets forth the Debtor's interest in the Accomac Property as against the unrecorded interest of the Bank. This provision states:

No such instrument in writing shall be valid, **except between the parties thereto,** and such as have actual notice thereof, until the same shall be deposited with the recorder for record.

Mo.Ann.Stat. § 442.400 (Vernon 1986).

This statute establishes that recording is not essential to establishing priority between the parties to the sale. *Bremen Bank and Trust Co. v. Mushopf*, 817 S.W.2d 602, 608 (Mo. App.1991) *citing Godwin v. Gerling*, 362 Mo. 19, 239 S.W.2d 352, 360 (1952). When the Bank purchased the property at the foreclosure sale from the Debtor (acting through a trustee named in the Deed of Trust). It

---

1. In reaching the conclusion that the Debtor retains no right of redemption under § 541(a) other than that spelled out by Missouri law, this Court joins those other bankruptcy and district courts in this state which have similarly held.

*James B. Nutter and Co. v. Taylor* (In re Taylor), 79 B.R. 434 (W.D.Mo.1982); *Morris Plan Co. v. Fountain* (In re Fountain), 32 B.R. 965 (Bankr. W.D.Mo.1983).

acquired rights in the property superior to the Debtor's interest and the fact that the deed remains unrecorded does not grant the Debtor any interest in the Accomac Property.

## II. § 541(a)(7)

 While it is clear that the Accomac Property was not an "interest of the debtor in property as of the commencement of the case," under § 541(a)(1), there may be another argument that this property should be property of the estate. Under § 541(a)(7) property of the estate can include "any interest in property that the estate acquires after the commencement of the case."

This issue, however, is not ripe for a determination by this Court because the Debtor (or the Chapter 13 Trustee) has not yet brought an action to recover the property.

## CONCLUSION

Relief from the automatic stay is unnecessary at this time. Although the Debtor has no interest in the Accomac Property under § 541(a), it is still unclear whether, through an appropriate adversary proceeding, the Debtor will eventually recover the property. Thus, Debtor may be able to fund and file an appropriate Chapter 13 Plan.

Accordingly, for these reasons, it is

ORDERED that the Motion for Relief from Stay filed by Colonial Central Savings Bank, F.S.B. is DENIED;

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Colonial Central Savings Bank, F.S.B. remains under submission and that the Debtor shall have until the 28th day of July, 1994 in which to file any appropriate action after which time, the Motion to Dismiss may be Sustained or Denied.