In the Matter of John E. RUSSELL and Helen M. Russell, Debtors.

John E. RUSSELL and Helen M. Russell, Plaintiffs,

v.

EQUIBANK, N. A., Sheriff of Westmoreland County, Pa., Verna Calisti, Defendants.

Bankruptcy No. 80–289.
Adv. No. 80–243.

United States Bankruptcy Court,
W. D. Pennsylvania.

Dec. 15, 1980.

David W. Lampl, Lampl, Sable & Makoroff, Pittsburgh, Pa., for the debtors-in-possession.

Sidney R. Finkel, Baskin & Sears, Pittsburgh, Pa., for Equibank N. A.

Terence O'Halloran, O'Halloran & O'Halloran, Greensburg, Pa., for defendants.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the petition of John and Helen Russell, Debtors-in-Possession under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, to vacate a sheriff's sale of real property located in Westmoreland County, Pennsylvania, pursuant to section 549 of the Code, 11 U.S.C. § 549. Verna Calisti, the defendant, was the successful bidder of real property owned by the Debtors at a sheriff's sale conducted in violation of the automatic stay provided for under section 362 of the Bankruptcy Code, 11 U.S.C. § 362. At trial, the parties agreed to waive an evidentiary hearing and introduced a joint stipulation of facts.

### Factual Background

On February 29, 1980, the Debtors filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors had purchased the property in issue for $77,112 approximately three (3) years prior to the date of filing of their reorganization petition. Equibank, N. A. proceeded with a mortgage foreclosure on the property in the Court of Common Pleas of Westmoreland County, Pennsylvania at Execution No. 12436 of 1979, in violation of the automatic stay provisions of section 362. Although counsel for the Debtors advised Equibank that the execution proceedings were in violation of the Code, Equibank proceeded to advertise the sale of the property in the Westmoreland County Law Journal. The sale was held on April 7, 1980 and Verna Calisti's bid of $3,200 was the highest offer. Calisti did not have knowledge of the previously filed bankruptcy petition, since the Debtors failed to file notice thereof in Westmoreland County in violation of Rule 602 of the Rules of Bankruptcy Procedure.

Within ten (10) days of the sheriff's sale, the sheriff had neither acknowledged nor delivered the deed to the property to Calisti and the Debtors petitioned the Court to vacate the sale. On April 15, 1980, the Court issued a rule to show cause why the sheriff's sale should not be set aside.

### Discussion

Section 549 of the Bankruptcy Code, 11 U.S.C. § 549, provides that the trustee may avoid postpetition transfers of the estate's property that are either unauthorized under federal bankruptcy law or authorized under section 303(f) or 542(c) of the Code. 11 U.S.C. § 303(f) (provides that a debtor may dispose of property as if an involuntary case against the debtor had not been commenced until the court orders otherwise); 11 U.S.C. § 542(c) (protects a good faith transferor who transfers property which should have been turned over to the trustee to someone else). Pursuant to section 549, a trustee may not avoid *inter alia*, a transfer to a purchaser at a judicial sale, or to a good faith purchaser for value without knowledge of the bankruptcy petition, unless the petition is properly filed before the purchaser's title is perfected under state law. 11 U.S.C. § 549(c).

Section 549(c) provides:

The trustee may not avoid under subsection (a) of this section a transfer, to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value or to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of the real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser. A good faith purchaser, without knowledge of the commencement of the case and for less than present fair equivalent value, of real property located other than in the county in which the case is commenced, under a transfer that the trustee may avoid under this section, has a lien on the property transferred to the extent of any present value given, unless a copy of the petition was so filed before such transfer was so perfected.

11 U.S.C. § 549(c). The purpose of this subsection is to protect innocent purchasers of real property located outside of the county in which the bankruptcy case is commenced from debtors who fail to file, since the purchaser has no reasonable means of learning of the bankruptcy. In effect, section 549(c) imposes a duty to record upon the trustee or debtor-in-possession. 4 Collier on Bankruptcy ¶ 549.03 at 549–11 (15th Ed. 1980). Significantly, in order to gain the protection of the subsection, the innocent purchaser's title must be perfected under state law so as to defeat a subsequent bona fide purchaser. Section 549(c), therefore, accords the trustee or debtor-in-possession the status of a bona fide purchaser under state law.

■ In this case, the defendant is not entitled to the protection of section 549(c) because her title was not properly perfected under Pennsylvania law at the time the Debtors petitioned the Court to set the sheriff's sale aside. This is true even though the Debtors failed to file, prior to the date of the sale, a copy of their reorganization petition in Westmoreland County in violation of Rule 602 of the Rules of Bankruptcy Procedure. As the Fourth Circuit aptly stated:

[t]here is almost always some injustice or hardship which attends transactions occurring after the filing of a petition in bankruptcy between the bankrupt, acting wrongfully, and an innocent third person, because the loss must fall either upon the third person or upon the creditors of the bankrupt. Whether the line which has been drawn is the best possible solution of the problem is not for the courts to say.

*Lake v. New York Life Ins. Co.*, 218 F.2d 394, 399 (4th Cir. 1955), *cert. denied, New York Life Ins. Co. v. Lake*, 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250 (1955). Under section 549(c), the time of perfection as determined by state law is the determinative factor in choosing between these competing interests.

■ Pursuant to Pennsylvania law, a purchaser of real property at a sheriff's sale acquires, at the fall of the hammer, a vested interest in the property. *Marx Realty & Improv. Co. v. Boulevard Center, Inc.*, 398 Pa. 1, 156 A.2d 827 (1959). *Cf., Pennsylvania S. U. R. Co. v. Cleary*, 125 Pa. 442, 451, 17 A. 468, 478 (1889), which held that a purchaser acquired an "inchoate title"; with *Appeals of Roth*, 159 Pa.Super. 145, 47 A.2d 716 (1946), in which the court concluded that the purchaser acquired an "equitable interest which becomes a complete title on complying with the terms of the sale." *Id.* at 150, 47 A.2d at 719. In *Pennsylvania Co., etc. v. Broad Street Hospital*, 354 Pa. 123, 129, 47 A.2d 281, 284 (1946), the Supreme Court of Pennsylvania stated that:

[t]he bona fide purchaser at a public sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold. Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value. And if he purchase at a

bona fide sale, greatly below the value, the vendor would be bound by the sale. Equality in this case at least is equity. The vendee certainly should have the advantage of a purchase at a price below the value, when he is bound by a purchase at a price greatly exceeding the true value...

In substance, the purchaser's position prior to the delivery of the deed is that of a purchaser by the articles of a private sales agreement. *Appeals of Roth, supra* 159 Pa.Super. at 150, 47 A.2d at 719.

Nevertheless, legal title to the property does not pass to the purchaser until acknowledgement and delivery of the sheriff's deed. *Pennsylvania Co., etc. v. Broad Street Hospital, supra,* 354 Pa. at 129, 47 A.2d at 281. The owner is entitled to possession of the premises until the deed is acknowledged and delivered. *Garrett v. Dewart,* 43 Pa. 342 (1862). Until that time, the purchaser does not become entitled to the rents, *Provident Trust Co. v. Judicial Bldg. & Loan Association, et al.,* 112 Pa.Super. 352, 171 A. 287 (1934); and he is not entitled to insurance moneys resulting from fire on the premises until the sale is consummated. *Collins v. London Assur. Corp.,* 165 Pa. 298, 30 A. 924 (1895).

Pursuant to 12 P.S. § 2547, Act of 22, 1905, P.L. 265 § 5; June 8, 1965, P.L. 114 § 1, the purchaser at a sheriff's sale does not have the duty to record a sheriff's deed in order to gain the protection of the Pennsylvania recording statute, 21 P.S. § 351, Act of May 12, 1925, P.L. 613 § 1; June 12, 1931, P.L. 558, No. 191 § 1. 21 P.S. 351 is a "notice" recording statute which protects a subsequent bona fide purchaser for value from an unrecorded instrument, unless he has actual or constructive notice. *Long John Silver's, Inc. v. Fiore,* 255 Pa.Super. 183, 386 A.2d 569 (1978). 12 P.S. § 2547 provides:

> [sheriff] deeds need not be recorded, in whole or in part, in the office of said court; nor recorded, in whole or in part, in the office of said prothonotary or clerk; but the recorder of deeds, except in counties of the first class, shall imme-diately give to the said prothonotary or clerk a certificate stating the place of record thereof, and the latter shall note the same on the docket of the particular case. 1905, April 22, P.L. 265, § 5; 1965, June 8, P.L. 114, § 1.

A sheriff's deed therefore becomes perfected in Pennsylvania at the time of acknowledgement and delivery. Pursuant to Rule 3135 of the Pa.R.C.P., however, the sheriff may not deliver the deed until "the expiration of ten days after the filing of the schedule of distribution, if no petition has been filed to set aside the sale." Moreover, Pa.R.C.P. No. 3132 provides that the court may set aside the sale for "proper cause" during this crucial ten-day period, upon petition of any party in interest.

■ The defendant-purchaser in this case never received legal title which was perfected under Pennsylvania law prior to the time that the Debtors-in-possession intervened to vacate the sale. The sheriff neither acknowledged nor delivered the deed to her. Accordingly, the innocent purchaser is not entitled to the protection of section 549(c). The Court is prevented under the Bankruptcy Code in cases involving postpetition transfers from assessing the relative equities of the parties. Section 549(c) outlines a method that arbitrarily chooses between the interests of the innocent purchaser and the creditors of the debtor. The debtor-in-possession, who is accorded the status of a bona fide purchaser, takes priority over a purchaser at a judicial sale, if the debtor-in-possession intervenes to vacate the sale prior to the purchaser's compliance with the technical requirements of state law. 11 U.S.C. § 549(c).

Based on the foregoing, the sheriff's sale of the Debtors' property located in Westmoreland County to Verna Calisti is hereby vacated. The defendant has, however, a lien on the property to the extent of any present value given pursuant to section 549(c).