In re Alexandros KARAGIANIS, a/k/a Alex Kalianos, Alexander Kalianos, Kalianos Alexandres, Karagianis Alex, and Louise Karagianis, a/k/a Louise Purinton, Debtors.

Alexandros KARAGIANIS, aka Alex Kalianos, aka Alexander Kalianos, aka Kalianos Alexandres, aka Karagianis Alex and Louise Karagianis, aka Louise Purinton, Plaintiffs,

v.

G.F.C. CONSUMER DISCOUNT CO., Defendant.

Bankruptcy No. 82–1008G.
Adv. No. 82–2687G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 20, 1983.

Anthony B. Quinn, Philadelphia, Pa., for debtors/plaintiffs.

Roy W. Feinstein, Markovitz, Luskus, Feinstein & Meo, Trevose, Pa., for defendant, G.F.C. Consumer Discount Co.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the debtors' complaint to avoid the transfer of their residence to a mortgagee at sheriff's sale should be dismissed. We conclude that

said complaint should be dismissed because the debtors lacked any interest in the transferred property because when they filed their petition for relief under chapter 7 of the Code said property was sold at sheriff's sale and all acts necessary under Pennsylvania law to divest the debtors of their interest in the property were taken before the debtors filed their petition for relief.

The facts of the instant case have been stipulated by the parties and are as follows:[1] On December 27, 1976, James and Betty June Kates ("the Kates") executed and delivered a mortgage upon a residence located at 2807 North Mascher Street, Philadelphia, Pennsylvania, to the G.F.C. Consumer Discount Company ("GFC"). On September 7, 1978, Kates sold the aforesaid premises to Alexandros and Louise Karagianis ("the debtors") for the sum of $7,500.00. The mortgage in question came into default and GFC brought an action in mortgage foreclosure against both the Kates and the debtors and obtained a judgment in the amount of $5,139.70. On December 28, 1981, the Sheriff of Philadelphia executed his deed conveying the subject premises to GFC, the purchaser of said property at the sheriff's sale held on December 7, 1981. On March 8, 1982, the debtors filed a petition for relief under chapter 7 of the Code. On October 12, 1982, the debtors filed the instant complaint to avoid transfer of the subject property under section 522 of the Code.

Section 541 of the Code provides that the commencement of a case under sections 301, 302 or 303 creates an estate and that the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the date the case is commenced.[2] However, the existence and nature of the debtors' interest in property are determined by nonbankruptcy law. *See Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); 4 *Collier on Bankruptcy* ¶ 541.02[1] at 541–10 (15th ed. 1982). As we earlier stated in *In*

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** 11 U.S.C. § 541.

*re Sparkman,* 9 B.R. 359 (Bkrtcy.E.D.Pa. 1981):

> Under Pennsylvania law, the debtor lost all title and interest in the property in question when the mortgagee's attorney bid it in at the sheriff's sale, executed the required documents, and the acknowledged deed was delivered by the prothonotary to the sheriff. (citing Pa.Stat.Ann. tit. 12, § 2537 (Purdon)). Consequently, the debtor had no interest whatsoever in that property when he subsequently filed his petition under chapter 13 of the Code.

*Id.* at 363.

■ In the case *sub judice,* the parties have stipulated that the subject property was sold at sheriff's sale and that the sheriff issued the deed to said property to GFC *before* the debtors filed their petition under chapter 7 of the Code. Moreover, the debtors have neither alleged nor demonstrated in any manner whatsoever that the deed passed by the sheriff to GFC was not subsequently recorded. Finally, the debtors have not attacked the underlying validity of the sheriff's sale itself.[3] Consequently, we conclude that the debtors lost all legal and equitable interest in the property in question under Pennsylvania law before they filed their petition for relief under the Code. Therefore, said property did not become property of the debtors' estate, pursuant to section 541 of the Code, upon the filing of the debtors' chapter 7 petition and, accordingly, we must dismiss the debtors' complaint to avoid the transfer of the subject property.

---

**3.** *See In re Sharp,* 24 B.R. 817 (Bkrtcy.E.D.Pa. 1982) (bankruptcy court had jurisdiction to determine validity of sheriff's sale of debtors' real property, even though foreclosure sale took place and deed was passed and recorded before debtors filed their chapter 13 petition).