**In re Buck ROUSE, Individual, Debtor.**

**Bankruptcy No. 83–03947K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 16, 1984.

Christine C. Shubert, Camden, N.J., for debtor.

Warren T. Pratt, Philadelphia, Pa., for PSFS.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A mortgagee's motion for relief from the automatic stay under § 362(d)(1) in order to complete a foreclosure sale and a motion by the debtor to set aside the sale are jointly before the Court. For the reasons stated herein, we will deny the motion for relief from the stay and reserve ruling on the motion to set aside the sheriff's sale.

The facts of the case are as follows:[1] In 1979, the debtor, Buck Rouse, executed and delivered a note and mortgage to Philadelphia Saving Fund Society ("PSFS") on property located at 5317 Lebanon Avenue, Philadelphia, Pennsylvania. The debtor defaulted on the mortgage in 1981. PSFS notified the debtor of its intention to foreclose in October of 1981 and filed a complaint in foreclosure in January of 1982. Summary judgment was entered in favor of PSFS in January of 1983 in the amount of $25,454.31 and the property was listed for sheriff's sale.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

After several postponements, a sheriff's sale was held on October 3, 1983. PSFS bought the property at the sale on the writ of execution and made settlement with the sheriff. However, before the sheriff transferred the deed, the debtor filed a petition for adjustment of his debts under Chapter 13 of the Bankruptcy Code. Thereafter, the sheriff refused to transfer the deed to PSFS, recognizing that such action would violate the automatic stay provisions of § 362(a) of the Code. 11 U.S.C. § 362(a).

On November 28, 1983, PSFS filed the instant motion for relief from the stay in order that the sheriff may take the required steps to complete the sale. A hearing on the motion was held on December 22, 1983, at which time we continued the matter to January 17, 1984 and ordered the stay to remain in effect. Shortly thereafter, the debtor filed a motion to vacate the sheriff's sale which was consolidated for hearing on January 17, 1984 with the motion for relief from the stay.

The debtor opposes the motion for relief from the stay on the following grounds: (1) that the property is necessary for an effective reorganization; (2) that there is equity in the property; and (3) that PSFS is adequately protected by the payments proffered by the proposed Chapter 13 plan and outside the plan. These payments include $3,969.04 tendered to PSFS during the months of November and December of 1983 [2] and two (2) payments totaling $213.00 made to the Trustee during the same period.[3] The debtor proposes to pay the arrearages on the mortgage through the plan and to make regular monthly mortgage payments to PSFS outside the plan.

PSFS has not credited the post-petition payments to the account of the debtor because it is the position of PSFS that the debtor no longer owns the property in question. PSFS is holding the funds in an escrow account pending the decision of the Court. PSFS contends that the issues of adequate protection and the debtor's equity in the property are not relevant to the matters of the bench because the occurrence of the foreclosure sale before the commencement of the Chapter 13 case is "cause" under § 362(d)(1) of the Code for relief from the stay.[4] Nevertheless, PSFS introduced evidence concerning the value of the property at the hearing. In the opinion of the appraiser who testified for PSFS, the value of the property is $20,000.00.[5] However, this appraisal was not offered at the hearing for the purpose of proving lack of equity. In the words of the attorney for PSFS, the purpose of the testimony was to convince the Court that a reasonably equivalent value had been exchanged for the property at the sheriff's sale and that the sale could not be vacated on the grounds that it was a fraudulent transfer under § 548(a)(2)(A) and (B)(i).[6] *See In re Jones*, 20 B.R. 988 (Bankr.E.D. Pa.1982).

In support of the proposition that there is equity in the property, the debtor offered testimony from a real estate appraiser who valued the property at $28,000.00.[7] While the amount owed to PSFS is $28,232.56,[8] when the post-petition payment of $3,969.04 is applied to the debt owed, the balance due PSFS on the mortgage is $24,263.52, or approximately $4,000.00 less than the value placed on the property by the debtor's appraiser.

First, we will examine the relative interests of PSFS and the debtor in the subject property as of the date of the filing of the Chapter 13 petition for the purpose of determining how the automatic stay provi-

2. N.T. p. 49.

3. N.T. p. 50; see also Exhibit D–4.

4. N.T. pp. 39, 41, 46.

5. N.T. p. 17.

6. N.T. pp. 44, 47.

7. See Exhibit D–3.

8. This figure includes damages assessed in the foreclosure action in the amount of $25,454.31 and costs of settlement with the sheriff in the amount of $2,788.25.

sions of the Code, 11 U.S.C. § 362, apply to this case.

Immediately upon the filing of a petition, an automatic stay arises which bars:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;

11 U.S.C. § 362(a)(1), (3), (4).

Property of the estate is defined by section 541 to include all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

■ Pursuant to Pennsylvania law, a purchaser of real property at a sheriff's sale acquires, at the fall of the hammer, a vested interest in the property. *In re Russell*, 8 B.R. 342, 344 (Bankr.W.D.Pa.1980); *In re Wilson*, 19 B.R. 45, 48 (Bankr.E.D. Pa.1982); *Marx Realty & Improv. Co. v. Boulevard Center, Inc.*, 398 Pa. 1, 156 A.2d 827 (1959); *Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Broad Street Hosp.*, 354 Pa. 123, 47 A.2d 281 (1946). Nevertheless, legal title to the property does not pass to the purchaser until acknowledgement and delivery of the sheriff's deed. *Russell, supra* at 345; *Pennsylvania Co., supra*, 354 Pa. at 129, 156 A.2d 827. The owner is entitled to possession of the premises until the deed is acknowledged and delivered. *Russell, supra* at 345; *Garrett v. Dewart*, 43 Pa. 342 (1862). Until that time, the purchaser does not become entitled to the rents, *Provident Trust Co. v. Judicial Bldg. & Loan Association, et al.*, 112 Pa.Super. 352, 171 A. 287 (1934); and he is not entitled to insurance moneys resulting from fire on the premises until the sale is consummated. *Collins v. London Assur. Corp.*, 165 Pa. 298, 30 A. 924 (1895).

■ A sheriff's deed becomes perfected in Pennsylvania at the time of acknowledgement and delivery. Pa.Stat.Ann., tit. 12, § 2537 (Purdon). However, the sheriff may not deliver the deed until "the expiration of ten days after the filing of the schedule of distribution, if no petition has been filed to set aside the sale." PA.R.C.P. 3135. Moreover, the court may set aside the sale for "proper cause" during the ten day period, upon petition of a party in interest. PA.R.C.P. 3132. Without the issuance, acknowledgement and presentation for recording of the sheriff's deed, the debtor still has certain legal and equitable rights in the property which are protected by the automatic stay provisions of the Code, *In re Wilson*, 19 B.R. 45, 47 (Bankr. E.D.Pa.1982); *Cf. In re Karagianis*, 29 B.R. 35 (Bankr.E.D.Pa.1983); *In re Sparkman*, 9 B.R. 359 (Bankr.E.D.Pa.1981).

■ Because the Chapter 13 petition was filed in the case *sub judice* before the deed was acknowledged or recorded, we conclude that the debtor retains legal title to the property and the sheriff may not transfer title to PSFS without relief from the automatic stay.

A request for relief from the stay is governed by Code § 362(d), which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest, or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

■ A party seeking relief from the stay need establish only one of these two (2) alternative grounds for relief. *In re Pannell*, 12 B.R. 51 (Bankr.E.D.Pa.1981).

■ In a hearing under § 362(d) for relief from the stay, the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing such relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

■ In the case *sub judice*, § 362(d)(1) is alleged by PSFS as the basis for relief from the stay. PSFS cites *Matter of GSVC Restaurant Corp.*, 3 B.R. 491 (Bankr.S.D.N.Y.1980) as authority for a holding that the occurrence of a foreclosure sale prior to the commencement of a bankruptcy case is "cause" for relief from the stay. However, the Court finds that the reliance of PSFS on that case is misplaced. *GSVC* does not hold that the occurrence of a foreclosure sale prior to the commencement of a case constitutes "cause". Nor do the facts in that case resemble the facts in the case at bench. In *GSVC*, the court found that (1) the debtor made no attempt to propose or provide a method of adequate protection for the plaintiff's interest in the property; (2) the unfounded tactics employed by the debtor in the state courts were primarily intended to frustrate and delay enforcement of the warrant of removal; and (3) such conduct constitutes cause within the meaning of § 362(d)(1) of the Code.

On the issue of "cause" under § 362(d)(1), the court stated:

" ... although the Bankruptcy Code does not indicate the nature of the cause required to modify the automatic stay, other than for a lack of adequate protection, it is evident that such cause would include the baseless delaying tactics employed by the debtor in this case. A review of the facts discloses that the debtor has delayed and frustrated the attempts of the plaintiff to enforce the April, 1979 Justice Court judgment through a series of stays and temporary restraining orders while failing to assert a valid cause of action in its own behalf in numerous state court proceedings. Accordingly, plaintiff is clearly entitled to relief from the automatic stay so that it may exercise its right to enforce the fully litigated and fully appealed state court warrant of eviction.

3 B.R. at 494.

The *GSVC* case is inapposite to the case at bench because PSFS has presented no evidence to support a finding by this Court that the debtor employed delaying tactics to frustrate the attempts of PSFS to enforce its security interest. Moreover, the debtor in this case has proposed a method of adequately protecting the interest of PSFS. He has offered to make monthly mortgage payments to PSFS directly and to cure arrearages through the proposed Chapter 13 plan. The post-petition payments tendered to PSFS evidence a good faith effort on the part of the debtor to live up to this proposal. The debtor also put forth evidence at the hearing of his present ability to make the proposed payments to PSFS.[9]

Under § 362(d)(1), the term "cause" includes but is not limited to a showing that the secured creditor does not have adequate protection for his interest. One means of adequate protection is periodic cash payments. 11 U.S.C. § 361(1). Thus, offers to maintain current monthly payments to a secured creditor have been held to provide a form of adequate protection sufficient to continue the automatic stay. *In re English*, 20 B.R. 877 (Bankr.E.D.Pa. 1982), *aff'd.* Civil Action No. 82–4322 (U.S. D.C. October 11, 1983); *In re Henderson*, 21 B.R. 285 (Bankr.E.D.Pa.1982); *In re Lee*, 11 B.R. 84 (Bankr.E.D.Pa.1981); *In re Pannell*, 12 B.R. 51 (Bankr.E.D.Pa.1981).

In view of the evidence presented, we find that PSFS has not established a prima

---

9. N.T. p. 51.

facie case for relief from the stay under § 362(d)(1). The debtor has met his burden of proof, however, on the issue of adequate protection. Therefore, the automatic stay shall remain in effect to allow the debtor an opportunity for confirmation and ultimate consummation of his Chapter 13 plan. Because PSFS did not allege § 362(d)(2) as an alternative basis for relief from the stay, we need not address the issue of the debtor's equity in the property or the importance of the property to the reorganization.

Finally, having heard the arguments raised by both PSFS and the debtor on the motion of the debtor to set aside the sheriff's sale, we have decided to defer ruling on the motion pending the outcome of such events as the hearing on confirmation of the proposed Chapter 13 plan [10] and the debtor's demonstrated ability to keep current with payments under the plan and outside the plan. PSFS may renew its motion for relief from the stay in order to complete the foreclosure sale and obtain legal title to the property if the debtor fails at any time to make the payments to PSFS described herein.

---

**10.** A hearing on confirmation of the plan is scheduled for October 25, 1984.