**In re Buck ROUSE, Individual, Debtor.**

**Bankruptcy No. 83–03947K.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 15, 1985.

As Amended May 14, 1985.

Christine C. Shubert, Camden, N.J., for debtor.

James J. O'Connell, Philadelphia, Pa., Trustee.

Warren T. Pratt, Philadelphia, Pa., for Philadelphia Sav. Fund Society.

## OPINION

WILLIAM A. KING, JR., Bankruptcy Judge.

A motion by a creditor for reconsideration of an Order denying relief from the automatic stay and an objection to confirmation of a debtor's proposed Chapter 13 plan are before the Court. For the reasons stated herein, we will grant reconsideration and enter an order modifying the automatic stay. We will also direct the debtor to file an amended plan.

The relevant facts are as follows:[1] The Philadelphia Savings Fund Society ("PSFS") advanced the sum of $21,200.00 to Buck Rouse ("debtor") in 1979 in exchange for a note and a mortgage on the debtor's residence, located at 5317 Lebanon Avenue, Philadelphia, Pennsylvania. The note and mortgage required regular monthly mortgage payments over the term of the loan for a period of thirty (30) years. The debtor defaulted on this obligation in 1981. PSFS notified the debtor of its intention to foreclose on the mortgage in October, 1981, and filed a complaint in mortgage foreclosure in the Court of Common Pleas of Philadelphia County in January, 1982. Summary judgment was entered in favor of PSFS in January, 1983. Damages were assessed in the amount of $25,454.31, and the property was listed for sheriff's sale.

A sheriff's sale was held on October 3, 1983. PSFS purchased the property at the sale and made settlement with the sheriff for the costs, charges and expenses of execution. On October 11, 1983, before the sheriff delivered the deed to PSFS, the debtor filed a petition for adjustment of his debts under Chapter 13 of the Bankruptcy Code.

Immediately upon the filing of the petition, the automatic stay arose barring all debt collection efforts, including the transfer of a deed to a purchaser following a sheriff sale of estate property. *See* 11 U.S.C. § 362(a).

On November 28, 1983, PSFS filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). A hearing on the motion was held January 17, 1984, and the Court reserved decision pending receipt of proposed findings, conclusions of law and memoranda of law. Shortly thereafter, the debtor filed a motion to vacate the sheriff's sale.

The debtor's Chapter 13 plan proposes to reinstate the mortgage by making sufficient payments to the Chapter 13 Standing Trustee to cure the default on the mortgage and to commence making regular monthly mortgage payments directly to PSFS outside the plan. PSFS filed an objection to confirmation of the proposed plan. The parties agreed that the evidence presented at the January 17, 1984 hearing on the motion for relief from the stay could be considered by the Court in ruling on the debtor's motion to vacate the sheriff sale and on the objection of PSFS to confirmation of the proposed plan.

By Order and Opinion dated October 16, 1984, this Court denied the motion of PSFS for relief from the stay and directed the debtor to commence making regular monthly mortgage payments to PSFS. We deferred ruling on the motion to vacate the sheriff's sale. 43 B.R. 380.

On October 26, 1984, PSFS moved for amendment of our findings, additional findings, and for amendment of this Court's Order of October 16, 1984, pursuant to Fed.R.Civ.P. 52(b) and Bankruptcy Rules 4001(a) and 7052. In support of the motion, PSFS contends that the sheriff's sale cannot be set aside under federal bankruptcy law or state law, that PSFS acquired certain vested rights in the property at the sale which cannot be avoided, and that the mortgage cannot be reinstated. Accordingly, PSFS argues, relief from the stay should be granted for "cause" in order to

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

permit PSFS to receive and record a duly acknowledged sheriff's deed to the property. Upon consideration of the memorandum of law filed by counsel for PSFS, we agree.

■ In this case, the debtor has not alleged any facts or cited any law upon which the sheriff sale may be avoided. In a memorandum of law dated January 26, 1984, the debtor offers the case of *In re Russell*, 8 B.R. 342 (Bankr.W.D.Pa.1980) as support for the proposition that the sheriff sale in this case may be avoided. In the *Russell* case, however, the debtors filed their bankruptcy petition before the sheriff's sale took place. The Court avoided the postpetition sheriff's sale in *Russell* on the basis of § 549(a) of the Code. Section 549(a) permits a trustee to avoid a transfer of property of the estate made after the commencement of the case. *See In re Dennis*, 14 B.R. 125 (Bankr.E.D.Pa.1981) (avoiding a sheriff's sale under the postpetition transfer provisions of § 549(a) and for violation of the automatic stay). However, a trustee may not avoid *inter alia*, a transfer to a purchaser at a judicial sale, or to a good faith purchaser for value without knowledge of the bankruptcy petition, unless the petition is properly filed before the purchaser's title is perfected under state law. 11 U.S.C. § 549(c). *Russell*, 8 B.R. at 343.

■ Clearly, § 549 applies to postpetition transfers of property of the estate and is not applicable to the case at bench because the sheriff's sale occurred prior to the filing of the petition. No action was taken either by PSFS or the sheriff in violation of the automatic stay. Therefore, the sheriff's sale may not be avoided pursuant to § 549(a).

■■ Nor may the debtor avoid the sale under the fraudulent transfer provisions of § 548(a)(2) of the Code. *Cf. In re Jones*, 20 B.R. 988 (Bankr.E.D.Pa.1982) (sheriff's sale which occurred within one (1) year prior to debtor's filing under the Code was held avoidable pursuant to § 548(a)(2) because debtor did not receive reasonable value for property and debtor was insolvent at time of sale.) In order to avoid the sale under this section, the debtor would have to prove that he received less than a reasonably equivalent value for the property and that he was insolvent at the time of the sale. No facts have been alleged or presented upon which the Court could make such findings.

As noted above, the debtor's Chapter 13 plan proposes to reinstate the mortgage and cure the default through payments under the plan. However, according to Pennsylvania law, the debtor's right to redeem the mortgage terminated when the sheriff's sale took place.

In 1974, the mortgagor's right of redemption in Pennsylvania became regulated by statute.[2] (Act of 1974, Jan. 30, P.L. 13, No. 6; commonly known as "Act 6.")

---

2. In its entirety, Pa.Stat.Ann. tit. 41, § 404 (Purdon 1974) provides:

"(a) Notwithstanding the provisions of any other law, after a notice of intention to foreclose has been given pursuant to section 403 of this act, at any time *at least one hour prior to the commencement of bidding at a sheriff sale* or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration, if any, by tendering the amount or performance specified in subsection (b) of this section.

(b) To cure a default under this section, a residential mortgage debtor shall:

(1) Pay or tender in the form of cash, cashier's check or certified check, all sums which would have been due at the time of payment or tender in the absence of default and the exercise of an acceleration clause, if any;

(2) Perform any other obligation which he would have been bound to perform in the absence of default or the exercise of an acceleration clause, if any;

(3) Pay or tender any reasonable fees allowed under section 406 and the reasonable costs of proceeding to foreclosure as specified in writing by the residential mortgage lender actually incurred to the date of payment;

(4) Pay any reasonable late penalty, if provided for in the security document.

(c) Cure of a default pursuant to this section restores the residential mortgage debtor to the

The statute permits the residential mortgage debtor to cure a default, reinstate the mortgage, and thereby prevent a judicial sale of the mortgaged property. However, this right to cure and reinstate must be properly exercised *at least one hour prior to the commencement of bidding at the sale.* 41 P.S. § 404(a). For purposes of that section, the implementing regulations define "one hour prior to commencement of bidding" to mean "one hour prior to the scheduled start of the general proceeding at which the real property in question was *originally* listed for sale." 10 Pa.Code § 7.2 (emphasis added). Nothing in Pennsylvania law gives the mortgage debtor a right to cure defaults and reinstate the mortgage after that time. *A fortiori,* once the hammer falls at the sale and rights to the property have vested in the purchaser, the mortgage debtor has no right under Pennsylvania law to redeem.[3]

In this case, at the fall of the auctioneer's hammer on October 3, 1983, PSFS acquired a vested right to the property located at 5317 Lebanon Avenue, Philadelphia, even though the sheriff's deed has yet to be acknowledged or delivered.

Under Pennsylvania law, a purchaser of real property at a sheriff's sale acquires, at the fall of the hammer, a vested interest in the property. *Pennsylvania Company etc. v. Broad St. Hospital,* 354 Pa. 123, 47 A.2d 281 (1946); *Young's Appeal,* 2 Penrose & Watts 380 (1831); *Russell,* 8 B.R. at 344. The purchaser acquires an equitable interest which becomes a complete title on complying with the terms of the sale. *Id.* Legal title to the property does not pass to the purchaser until acknowledgment and delivery of the sheriff's deed. The owner is entitled to possession of the premises until the deed is acknowledged and delivered. *Russell,* 8 B.R. at

345; *Garrett v. Dewart,* 43 Pa. 342 (1862). Thus, the debtor has a "scintilla of equitable interest" in the premises, so that the automatic stay provisions of the Code apply. *See Colonial Village Meat Market Leasing, Inc. v. Andorra Meat Market, Inc. (In re Andorra Meat Market, Inc.)* 7 B.R. 744 (Bankr.E.D.Pa.1980).

Under § 541(a) of the Code, a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The corollary principle is clear from the legislative history: "To the extent that such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate." (124 Cong.Rec. H 11,096 (Sept. 28, 1978); S 17,413 (Oct. 6, 1978); *See 4 Collier on Bankruptcy* ¶ 541.06, p. 541–26 (15th ed. 1984). The existence and nature of the debtor's interest in property are determined by nonbankruptcy law. *In re Karagianis,* 29 B.R. 35, 36 (Bankr.E.D.Pa.1983); *See Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979); *4 Collier, supra,* ¶ 541.01[1], p. 541–12 (15th ed. 1984).

For example, if the debtor has a right of redemption under state law, then the debtor and his estate will have the benefit of that right in bankruptcy proceedings. *See State Bank v. Brown,* 317 U.S. 135, 137, 63 S.Ct. 128, 130, 87 L.Ed. 140 (1942). A debtor may utilize the provisions of Chapter 13 to cure defaults and reinstate a mortgage after a sheriff's sale only if the debtor's right of redemption has not expired before the commencement of the bankruptcy case. *In re Ivory,* 32 B.R. 788 (Bankr.D.Ore.1983); *In re Chambers,* 27 B.R. 687 (Bankr.S.D.Fla.1983); *In re Kokkinis,* 22 B.R. 353 (Bankr.N.D.Ill.1982); *In re Taylor,* 21 B.R. 179 (Bankr.W.D.Mo.

same position as if the default had not occurred." (Emphasis added.)

**3.** Rule 3132 of the Pennsylvania Rules of Civil Procedure provides that a party in interest may petition the court, upon proper cause shown, to set aside the sale or order a resale before delivery of the sheriff's deed to the property. However, Pennsylvania law requires evidence of

fraud or other unusual circumstances, such as failure to comply with Act 6, to set aside a sale. *See Fidelity Bank v. Pierson,* 437 Pa. 541, 544, 264 A.2d 682 (1970). No such evidence has been alleged or presented by the debtor in this case. In fact, the debtor has not challenged the validity of the sale under Pennsylvania law.

1982); *In re Thompson,* 17 B.R. 748 (Bankr.W.D.Mich.1982); *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (D.C.E.D.Mich.1981); *In re Lynch,* 12 B.R. 533 (Bankr.W.D.Wis.1981).

Property sold at a foreclosure sale cannot be redeemed under Chapter 13 when the debtor's right of redemption under state law was terminated before bankruptcy. *In re Butchman,* 4 B.R. 379 (Bankr.S.D.N.Y.1980) [denial of confirmation]; *see also In re Smith,* 7 B.R. 106 (Bankr.W.D.N.Y.1980) [declaring that automatic stay does not apply]; *In re Loubier,* 6 B.R. 298 (Bankr.D.Ct.1980) [chapter 11; automatic stay modified to permit delivery of deed]. In sum, where the debtor's legal title or equity of redemption have been terminated before bankruptcy, "the Bankruptcy Court cannot then cultivate rights where none can grow." *In re Butchman, supra,* 4 B.R. 379, 381 (Bankr.S.D.N.Y. 1980); *see also State Bank v. Brown, supra,* 317 U.S. 135, 138–139, 63 S.Ct. 128, 130–131, 87 L.Ed. 140 (1942).

Applying these principles to the case at bench, we find that the property rights which PSFS acquired at the sheriff's sale cannot be revested in the debtor. The debtor has possession of the property at the present time; but, having settled with the sheriff in accordance with Pennsylvania law, PSFS has a right to the deed. *Pennsylvania Company etc. v. Broad Street Hospital, supra,* 354 Pa. 123, 126–128, 47 A.2d 281 (1946); *Young's Appeal, supra,* 2 Penrose & Watts 380 (1831). This right crystallized under Pennsylvania law on October 3, 1983—eight (8) days before the commencement of the bankruptcy case.

The automatic stay may be terminated under § 362(d)(1) of the Code for "cause". On the evidence presented, the debtor has failed to present any evidence rebutting PSFS' showing of "cause". The mortgage may not be redeemed under Pennsylvania law, nor may the sheriff's sale be set aside under the provisions of the Bankruptcy Code cited by the debtor in his brief. Accordingly, the automatic stay will be modified to permit PSFS to receive and record a duly acknowledged sheriff's deed to the subject property.