In re Gene BROWN, Sheila
Brown, Debtors.

Bankruptcy No. 87–01037F.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 6, 1987.

David M. Offen, Philadelphia, Pa., for debtors, Gene Brown and Shiela Brown.

Warren T. Pratt, Drinker Biddle & Reath, Philadelphia, Pa., for movant, Meritor Savings Bank.

Edward Sparkman, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

BRUCE FOX, Bankruptcy Judge:

The debtors herein, Gene Brown and Sheila Brown, have filed this chapter 13 bankruptcy in an effort to cure a prepetition delinquency on their home mortgage. The mortgagee, Meritor Savings Bank ("Meritor"), has filed a motion for relief from stay pursuant to 11 U.S.C. § 362(d).

This case presents the question whether 11 U.S.C. § 1322(b)(5) authorizes the debtors to cure a mortgage delinquency and reinstate their mortgage in a bankruptcy case filed after a foreclosure sale of the property but before delivery of the sheriff's deed. Based on the recently decided Third Circuit Court of Appeals decision, *Matter of Roach*, 824 F.2d 1370 (3d Cir. 1987) ("*Roach*"), I conclude that it does not. Therefore, I will enter an order granting Meritor's motion for relief from stay.[1]

### I.

The facts of this case are undisputed.

In 1981, Meritor advanced the sum of $16,950.00 to the debtors in exchange for their note and a mortgage on their real property located at 655–57 N. 12th Street, Philadelphia, PA. The debtors defaulted in their payments on the note and mortgage in November, 1984. After sending a notice of intention to foreclose pursuant to Pennsylvania Act 6 of 1974, 41 P.S. § 403(a), Meritor commenced an action in mortgage foreclosure on June 25, 1985, in the Philadelphia County Court of Common Pleas. A foreclosure judgment was entered on December 10, 1986; damages were assessed in the amount of $21,038.04; a writ of execution was issued and a sheriff's sale of the mortgaged property was scheduled for March 2, 1987, at 2:00 p.m. The arrearages on the debtors' mortgage, as of March 2, 1987, totalled $5,049.68.

The sheriff's sale took place on March 2, 1987, as scheduled. The mortgaged property was sold to Meritor on the writ of execution at 3:15 p.m. Later that day, at 4:26 p.m., the debtors commenced this case by filing their petition under chapter 13 of the Bankruptcy Code.

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankr. Rules 9014, 7052.

To date, the sheriff has not yet acknowledged or delivered a deed to the property that Meritor purchased at the sheriff's sale. The debtors intend to reinstate the mortgage on the property by curing the prepetition arrearages on the mortgage through payments to the chapter 13 trustee, as provided in their chapter 13 plan, and by making regular postpetition monthly installment payments on the mortgage directly to Meritor. Meritor objects to the debtors' plan on the ground that after the sheriff's sale, the mortgage cannot be reinstated and seeks relief from the automatic stay.

## II.

11 U.S.C. § 1322(b)(5) provides that a chapter 13 plan may

> ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

Section 1322(b)(5) does not delineate the point in time in the foreclosure process in which the right to cure is irretrievably lost. Numerous courts have addressed the question and no consensus has been achieved. One court has grouped the varying viewpoints into five general categories:

> (1) Courts that hold that a debtor may not cure a default once a mortgage debt has been accelerated: *In re Wilson*, 11 B.R. 986 (Bkrtcy.S.D.N.Y.1981); *Matter of LaPaglia*, 8 B.R. 937 (Bkrtcy.E.D.N.Y. 1981); *In re Allen*, 17 B.R. 119, 8 B.C.D. 945 (Bkrtcy.N.D.Ohio 1981).

> (2) Courts that hold that a debtor may cure a default where the mortgage debt has been accelerated provided that no foreclosure judgment has been entered: *Percy Wilson Mortgage & Finance Corp. v. McCurdy*, 21 B.R. 535 (Bkrtcy. S.D.Ohio W.D.1982); *In re Maiorino*, 15 B.R. 254 (Bkrtcy.D.Conn.1981); *In re Pearson*, 10 B.R. 189 (Bkrtcy.E.D.N.Y. 1981).

> (3) Courts [that] hold that a debtor may cure a default where a state court judgment of foreclosure has been entered provided that no sale has taken place; *In re Acevedo*, 26 B.R. 994 (E. D.N.Y.1981); *In re James*, 20 B.R. 145, 9 B.C.D. 208 (Bkrtcy.E.D.Mich.1982); *In re Brantley*, 6 B.R. 178 (Bkrtcy.N.D.Fla. 1980).

> (4) Courts that place no express limitation on the debtor's right to cure a default after acceleration: *In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *In re Sapp*, 11 B.R. 188 (Bkrtcy.S.D.Ohio E.D.1981); *In re Davis*, 16 B.R. 473 (D.Kan.1981). Or after a judgment has been entered: *In re Young*, 22 B.R. 620 (Bkrtcy.N.D.Ill.E.D. 1982); *In re Breuer*, 4 B.R. 499, 6 B.C.D. 136 (Bkrtcy.S.D.N.Y.1980).

> (5) Courts that hold that a debtor may cure a default where a foreclosure sale has been held provided that the debtor's right of redemption under state law has not expired: *In re Johnson*, 29 B.R. 104 (Bkrtcy.S.D.Fla.1983); *In re Chambers*, 27 B.R. 687 (Bkrtcy.S.D.Fla.1983); *In re Taylor*, 21 B.R. 179 (Bkrtcy.W.D.Mo. 1982); *In re Thompson*, 17 B.R. 748 (Bkrtcy.W.D.Mich.1982).

*In re Ivory*, 32 B.R. 788, 790 (Bankr.D.Or. 1983), *quoted in In re Glenn*, 760 F.2d 1428, 1432 (6th Cir.1985), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *accord, In re Smith*, 43 B.R. 313, 317 n. * (Bankr.N.D.Ill.1984).

The divergent viewpoints are explainable, at least in part, due to the differences in: (1) foreclosure law in the various jurisdictions; (2) the degree of adherence to state property and foreclosure law in delineating the limits of section 1322(b)(5); (3) the degree of recognition of the distinctively federal character of the right to cure provided in section 1322(b)(5); and (4) the weight given by the courts to the rehabilitative purpose of chapter 13. *See generally* Sable, *A Chapter 13 Debtor's Right to Cure Default Under Section 1322(b): A Problem in Interpretation*, 57 Am.Bankr. L.J. 127 (1983).

Several relevant cases on the issue have reached the court of appeals. A review of those cases reveals that some of the divi-

sion in the bankruptcy courts has been mirrored in the circuit courts.

The Second Circuit's decision in *In re Taddeo,* 685 F.2d 24 (2d Cir.1982), is the leading authority for the proposition that the right to cure is a federal right which cannot be unduly restricted by the "harsher mercies of state law." *Id.* at 25; *accord, Grubbs v. Houston First American Association,* 730 F.2d 236 (5th Cir.1984). By comparison, in *Matter of Clark,* 738 F.2d 869 (7th Cir.1984), the Seventh Circuit held that a debtor may cure a default after a judgment of foreclosure has been entered in a jurisdiction in which the judgment merely judicially confirms the acceleration; the court did not determine whether the right to cure survives a sale or even a judgment of foreclosure in states where the effect of a judgment is different. *See also Matter of Tynan,* 773 F.2d 177 (7th Cir.1985) (debtors cannot invoke right to cure under 11 U.S.C. § 1322(b)(5) after sheriff's sale but before the expiration of statutory redemption period because, under applicable state law, there is no mortgage to cure as it was extinguished by the sale). In *In re Glenn,* the Sixth Circuit, concluding that neither the statute nor the legislative history provides a construction of section 1322(b)(5) that is free from challenge, held, for "pragmatic" reasons, that the federal right to cure terminates upon the foreclosure sale of the property. In reaching this result, the court expressly declined to define the right by reference to state property law. 760 F.2d at 1435–36. Therefore, even though the debtors in *Glenn* had a right of redemption under applicable state law at the time of their bankruptcy filing,

the court held that they had no right to invoke section 1322(b)(5).[2]

On July 31, 1987, in *Matter of Roach,* the Third Circuit Court of Appeals decided that the right to cure a mortgage default, pursuant to 11 U.S.C. § 1322(b)(5), was to be applied with due regard for state law. *Accord, Matter of Clark.* Rejecting the Sixth Circuit's uniform approach in *Matter of Glenn,* the Third Circuit held:

> In sum, the absence of statutory language, legislative history, or a significant federal interest mandating federal interference with state foreclosure judgments, we are constrained to hold that in New Jersey the right to cure a default on a home mortgage under § 1322(b) does not extend beyond the entry of a foreclosure judgment.

*Roach,* 824 F.2d at 1378–79.

In reaching this conclusion, the Court of Appeals emphasized that under New Jersey law:

> ... after the entry of a foreclosure judgment, no contractual relationship remains and the mortgagee's rights are those that arise from its judgment.... [A]s in many states, the mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished.... As a result of this merger, there is no longer a mortgage to be cured and restored and the authority conferred by § 1322(b)(5) is simply inapplicable.

*Id.* at 1377 (citations omitted).

While there are similarities between Pennsylvania and New Jersey law, significant differences also exist. Of particular

---

**2.** In *Glenn,* three bankruptcy cases were consolidated on appeal. In two of the cases, the sheriff's sale had taken place. Under applicable state law, the debtors in those cases had a statutory right of redemption which had not expired at the time of the bankruptcy filing. Those debtors argued that even if they could not cure their delinquency under 11 U.S.C. § 1322(b)(5), they nevertheless had the right to spread the redemption price over the length of their chapter 13 plan. *See* 11 U.S.C. § 1325(a)(5). The court rejected the debtors' argument. 760 F.2d at 1441–42.

It is important to distinguish between a right to reinstate a mortgage obligation by curing

delinquent installment payments and a right to redeem property by satisfying the entire indebtedness. *See In re Thomas,* 59 B.R. 758, 761 (Bankr.N.D.Ohio 1986). I note that the case at bench does not involve a debtor invoking a statutory right to redeem. Nor does it involve a debtor who seeks to exercise his right of redemption by providing for payment in full of the creditor's claim under 11 U.S.C. § 1322(a)(5) (as compared to cure of a default under 11 U.S.C. § 1322(b)(5)). Therefore, in this case, I do not reach the alternative argument raised by the debtors in *Glenn.*

importance is Act 6 of 1974, 41 P.S. §§ 101 *et seq.* By its terms, the statute grants certain mortgagors the right to cure a default until one hour prior to sheriff's sale. 41 P.S. § 404(a). Although limited to mortgages in an original principal amount of $50,000.00 or less, some lenders have included an identical contractual right to cure in their form mortgage agreements. *See In re Schwartz*, 68 B.R. 376 (Bankr.E.D. Pa.1986).

While the holding of *Roach*, that the right to cure under 11 U.S.C. § 1322(b)(5) expires at the time the foreclosure judgment is entered, is not necessarily applicable in Pennsylvania, its reasoning validates the result reached in *In re Rouse*, 48 B.R. 236 (Bankr.E.D.Pa.1985). In *Rouse*, the court held that the debtor could not invoke the right to cure under 11 U.S.C. § 1322(b)(5) after a Pennsylvania sheriff's sale and granted the mortgagee/sheriff's sale purchaser relief from the automatic stay for cause under 11 U.S.C. § 362(d). Relying upon Pennsylvania law, the court noted that the occurrence of the foreclosure sale terminated the debtor's state law right, pursuant to Act 6, to cure the mortgage delinquency.[3] The court further observed that once the auctioneer's hammer has fallen, the purchaser obtains an equitable interest in the subject property and, upon settling with the sheriff, the right to compel delivery of the deed. Upon acknowledgment and delivery of the deed, legal title, too, passes to the purchaser. *Id.* at 24–41 & authorities cited therein.

In this case, the bankruptcy was not filed until after the sheriff's auction was completed. Clearly, by that time, the debtors' right to cure their mortgage delinquency under Pennsylvania law had expired.[4] The debtors have not advanced any theory by which they might avoid the property transfer effected by the sale, place themselves in a pre-sale posture and thereby resurrect their right to cure under Act 6. Thus, they may not invoke 11 U.S.C. § 1322(b)(5) and attempt to reinstate their mortgage. *Roach; Rouse.*

Because the debtor retained legal title and possession of the premises at the time of the bankruptcy filing, the automatic stay has prevented Meritor from proceeding to settle with the sheriff and obtain a deed and, ultimately, possession. *E.g., In re Wilson*, 19 B.R. 45 (Bankr.E.D.Pa.1982); *accord, In re Augustus Court Associates*, 46 B.R. 619 (Bankr.E.D.Pa.1985). In these circumstances, I agree that Meritor has established "cause" for granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). *Rouse*, 48 B.R. at 241.

An appropriate order will be entered.

---

**3.** The analysis of Pennsylvania law in *Rouse* must be qualified in one significant respect. The court there referred to a Pennsylvania residential mortgage debtor's right to cure up to one hour prior to the commencement of bidding at sheriff's sale as a "right of redemption," 48 B.R. at 239. The court's broader holding was that the right to cure a default under chapter 13 exists if the debtor's right of redemption has not expired prepetition. *Id.* at 240. The *Rouse* court did not carefully differentiate between a right to cure and a right to redeem. *See* note 2, *supra.* The distinction is particularly significant in light of the Third Circuit's rejection, in *Roach*, of the argument that the right of redemption alone is sufficient basis for the invocation of 11 U.S.C. § 1322(b)(5). In Pennsylvania, a debtor retains the right to redeem proper-

ty after the Act 6 cure expires and until the fall of the auctioneer's hammer by paying the foreclosure judgment in full. *See Pennsylvania Company for Insurances on Lives and Granting Annuities v. Broad Street Hospital*, 354 Pa. 123, 47 A.2d 281 (1946), *cited in In re Evergreen Memorial Park Association*, 308 F.2d 65 (3d Cir. 1962). Also, a debtor filing bankruptcy after the expiration of his right to cure but before expiration of the right to redeem may nonetheless have the right to provide for the mortgage in accordance with 11 U.S.C. § 1325(b)(5).

**4.** Therefore, it is unnecessary in this case to determine the precise point in the Pennsylvania foreclosure process when a mortgagor's right to cure a default under chapter 13 is cut off.