In re Patricia M. DONOVAN, Debtor.

John and Janet BUNDY, David and Nancy Bundy, Movants,

v.

Patricia M. DONOVAN and Mary Reitmeyer, Trustee, Respondents.

Bankruptcy No. 95–20379.
Motion No. GRB–1.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 12, 1995.

Joseph Lawrence, Pittsburgh, PA, for Mary Reitmeyer, Trustee.

Gregory P. Diulus, Pittsburgh, PA, for debtor.

David W. Ross, Pittsburgh, PA, for movants.

*OPINION*

WARREN W. BENTZ, Chief Judge.

*Undisputed Facts*

Patricia Donovan ("Debtor") and her husband owned real property known as 5891 Dalmatian Drive, Bethel Park, Pennsylvania (the "Property"). On February 6, 1995, between 10:00 a.m. and 10:30 a.m., the Property was exposed to Sheriff's Sale. The Sheriff's Sale was properly conducted. The Property was knocked down by the Sheriff to the successful third-party purchasers, John and Janet Bundy and David and Nancy Bundy (collectively, "Bundy") for a bid of $67,000.

Approximately two hours later, the Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy Code. The Bundy's have timely paid the purchase price to the Sheriff.

The Sheriff has designated the Sheriff's Sale of the Property as "Stayed in the Meantime—Bankruptcy" and has not prepared a schedule of distribution or a Sheriff's Deed to the Property to Bundy.

Bundy seeks relief from the automatic stay to allow the Sheriff to deliver to them the Sheriff's Deed to the Property. The Debtor and the Trustee oppose relief from the automatic stay. The Debtor asserts that pursuant to 11 U.S.C. § 548(a)(2)(A), the Trustee may avoid the sale because the Property has a value of $130,000 and the Sheriff's Sale was for less than reasonably equivalent value. The Debtor also asserts that, under 11 U.S.C. § 105, this Court has equitable powers to prevent such an unjust result. The Trustee asserts that until the Sheriff's Deed is recorded, the sale is incomplete and the Property remains property of the estate over which the Trustee has control.

*I. 11 U.S.C. § 548*

§ 548 permits avoidance if (1) the debtor had an interest in property; (2) a transfer of that interest occurred within one year of the filing of the bankruptcy Petition; (3) the debtor was insolvent at the time of the transfer, or became insolvent as a result thereof; and (4) the debtor received "less than a reasonably equivalent value in exchange for the transfer." 11 U.S.C. § 548. It is the fourth element upon which the Debtor relies.

A fair and proper price or a "reasonably equivalent value" for foreclosed property is the price in fact received at the foreclosure sale so long as all of the requirements of the state's foreclosure law have been complied with. *BFP v. Resolution Trust Corp.,* —— U.S. ——, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994); *In re Barr,* 170 B.R. 772, 776 (Bankr.E.D.N.Y.1994).

There is no allegation that the Sheriff's Sale was not conducted in accordance procedurally and substantively with applicable Pennsylvania law.

The Debtor's challenge under § 548 must fail.

*II. Property of the Estate*

The purchaser at a Sheriff's Sale obtains vested equitable ownership of the property at the fall of the auctioneer's hammer. *Butler v. Lomas and Nettleton Co.,* 862 F.2d 1015 (3d Cir.1988) *citing In re Rouse,* 48 B.R. 236, 240 (Bankr.E.D.Pa.1985); *Pennsylvania Co. for Insurances on Lives v. Broad St. Hospital,* 354 Pa. 123, 47 A.2d 281, 283 (1946). The mortgagor's right to cure and reinstate under Pennsylvania's statute governing the right of redemption must be properly exercised at least one hour prior to the commencement of bidding at the sale. *In re Rouse,* 48 B.R. 236 (Bankr.E.D.Pa. 1985); 41 Pa.S.A. § 404 (Purdon's 1992). Once the hammer falls at a Sheriff's Sale, the Mortgagor has no right to redeem under Pennsylvania law. *Id.*

■ Property in which the debtor holds only legal title and not an equitable interest as of the commencement of the case becomes property of the estate only to the extent of the debtor's legal title, but not to the extent of any equitable interest in such property that the debtor does not hold. 11 U.S.C. § 541(d).

■ When a purchaser receives equitable title at a Sheriff's Sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title. *In re Spencer*, 115 B.R. 471, 485 (D.Del. 1990).

Once the hammer fell at the Sheriff's Sale, the right to the Property vested in Bundy. They are entitled to relief from stay to gain legal title.

### III. 11 U.S.C. 105

■ § 105 provides the Bankruptcy Court authority to fashion orders as are necessary to further substantive provisions of the Code. 11 U.S.C. § 105. However, the Court is not authorized to create substantive rights that are otherwise unavailable under applicable law. *In re Sadkin*, 36 F.3d 473 (5th Cir. 1994). "[W]here the debtor's legal title or equity of redemption have been terminated before bankruptcy, 'the Bankruptcy Court cannot then cultivate rights where none can grow.'" *Rouse*, 48 B.R. at 241.

### Conclusion

The Sheriff's Sale cannot be set aside under the Bankruptcy Code or Pennsylvania law. Bundy possesses a vested right to the Property. The Debtor cannot redeem the mortgage under Pennsylvania law. Accordingly, we will grant Bundy relief from the automatic stay.

### ORDER

This 12 day of July, 1995, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that John and Janet Bundy and David and Nancy Bundy are granted Relief from the Automatic Stay of 11 U.S.C. § 362 with respect to that certain property known as 5891 Dalmatian Drive, Bethel Park, Pennsylvania, 15102, and being designated as Block and Lot 773–0–157 in the Deed Registry Office of Allegheny County, Pennsylvania.

It is FURTHER ORDERED that the Sheriff of Allegheny County, Pennsylvania may proceed with appropriate procedures to complete the February 6, 1995 Sheriff's Sale of the subject property.